ANNIE CAUVEREN, Respondent, v. ANCIENT ORDER OF PYRAMIDS, Appellant.

Kansas City Court of Appeals, February 16, 1903.

1. Benefit Societies: DELINQUENT DUES: HEALTH CERTIFICATES: WAIVER. Deceased after his default in his dues made payment of such arrears to the local scribe who promised to send him a blank "health slip" to be filled out and returned to him, which he failed to do. This practice appeared in other cases without objection from the company. *Held*, a waiver of requirement of such certificate at the time of paying the arrearages.

2. ————: OLD-LINE INSURANCE: PLEADINGS. On the pleadings in this case the defendant is held to be liable as a regular life insurance company, since it fails to deny an allegation to that effect in the petition.

3. Insurance: PROOF OF LOSS: DENIAL OF LIABILITY: WAIVER. A denial of liability *in toto* renders proof of loss unnecessary.

Appeal from Jackson Circuit Court.—*Hon. James Gibson,* Judge.

AFFIRMED.

Vol 98 app—28.

*John Sullivan* for appellant.

(1)   The court erred in refusing to instruct the jury peremptorily to find for appellant for the reason that by the evidence Morris Cauveren was in suspension at the time of his death and his certificate was null and void.   Red Men v. Schmidt, 57 Md. 98; Knights Golden Rule v. Ainsworth, 71 Ala. 436; Toran v. Ben. Association, 4 Pa. St. 519; Ben. Society v. McVey, 92 Pa. St. 510; Ballon v. Gile, 50 Wis. 614; Karcher v. Sup. Lodge, Mass., 19 C. L. J. 152; Sup. Lodge v. Grace, 60 Texas 569; Coleman v. K. of Honor, 18 Mo. App. 189; Grand Lodge v. Elsum, 26 Mo. App. 108. (2)   The court erred in refusing to instruct the jury peremptorily to find for appellant for the reason no death proofs had been furnished said defendant order within three calendar months after April 26, 1900, the date of Morris Cauveren's death.   (3)   The court erred in its instructions as to waiver on the part of the society as to provisions of its laws.   Ins. Co. v. Statham, 93 U. S. 24; Thompson v. Ins. Co., 104 U. S. 252; Mc-Mahon v. Maccabees, 151 Mo. 522; Bliss on Life Ins. sec. 463; Elder v. Grand Lodge, 82 N. W. 987; Hall v. Supreme Lodge, 24 Fed. 450; State v. Temperance Soc., 42 W. A. 485; Chamberlain v. Lincoln, 129 Mass. 70; Kircher v. Sup. Lodge, 137 Mass. 368; Harvey v. A. O. U. W., 50 Mo. App. 472; Ins. Co. v. Wolff, 95 U. S. 326; Brewer v. Ins. Co., 14 Gray 203; Miller v. Fire Ass'n, 42 N. J. L. 459; 7 Atl. R. 895; Froesly v. Ins. Co., 32 Mo. App. 322; State ex rel. v. Ben. Soc., 42 Mo. App. 489.

*Leon Block* for respondent.

(1)   This contract must be treated as a regular old-line insurance policy.   The petition alleges that defendant is a life insurance company.   The answer does not deny this.   The certificate is nothing other than an

insurance policy.   The amount of premium is fixed and the time of payment is fixed.   Jacobs v. Life Ass'n, 142 Mo. 49; Toomey v. Supreme Lodge, 147 Mo. 130; McDonald v. Life Ass'n, 154 Mo. 618; Schunk v. Gegenseitiger, 44 Wis. 370; State ex rel. v. Merchant's Exch., 72 Mo. 162.   (2) The defendant, not denying under oath that it is a corporation doing a life insurance business, thereby admits that it is that kind of a corporation and not a benevolent association.   Walker v. Point Pleasant, 49 Mo. App. 247; Pierce v. Lutesville, 25 Mo. App. 320; Flynn v. Neosho, 114 Mo. 573; Toomey v. Supreme Lodge, 147 Mo. 130.   (3) But even if this be considered a "benevolent society" the evidence of defendant's witness Louis, as set out in condensed form in our statement, fully authorized the court to submit the case to the jury and to give plaintiff's instruction No. 3.   McMahon v. Maccabees, 151 Mo. 523; Gaige v. Grand Lodge, 48 Hun 137; Jackson v. Relief Ass'n, 78 Wis. 463; Knights of Pythias v. Withers, 177 U. S. 261; Ins. Co. v. Foote, 79 Ill. 361; Loan Ass'n v. Coates, 48 Ill. App. 188; Connelly v. Ben. Soc., 43 Mo. App. 283.

ELLISON, J.—The plaintiff sued defendant on what she terms a life insurance policy containing a contract of insurance as old-line or regular life insurance.   The defendant claims the insurance was a beneficiary certificate issued by a fraternal benevolent society.   The judgment in the trial court was for plaintiff.

The defendant claims that being a benevolent association and not liable to the law applicable to regular life insurance companies, the plaintiff can not recover for the reason that the deceased died while suspended for non-payment of dues; and that there were no proofs of death.   The plaintiff claims that the contract of insurance is a regular life insurance contract, and that while deceased had not paid certain dues, at the time agreed, he did, in fact, pay them prior to his death.   It

seems (as near as we can gather from the record) that when one becomes delinquent for dues in defendant company, he may regain good standing by making payment accompanied by a health certificate showing him to be still in good health. The deceased made the payment to defendant's agent Louis, the "local scribe" but did not get a health certificate from him. Louis stated that he would send to deceased (who lived nearby) the "health slip" which could be signed and returned to him. There was evidence of this having been done with others, in the same way, by the same agent, Louis, and no objection made by the company. In this instance deceased died before Louis gave him the certificate as promised. The evidence as a whole, on this branch of the case, tended to show a waiver by defendant of the strictness of its by-laws. The evidence fully justified the court in considering Louis as defendant's agent and in submitting to the jury defendant's waiver, under the decision of the Supreme Court in McMahon v. Maccabees, 151 Mo. 522.

But, aside from the foregoing, we are of the opinion that the pleadings fix defendant, for the purposes of this case, as an ordinary life insurance company. The petition declares against it as such and the answer, in effect, admits it; at least, it contains no denial. The petition is that defendant is and was, at the time of making the contract, "a corporation engaged in the life insurance business in the State of Missouri." The answer was that, "said defendant admits being a corporation and doing business in the State of Missouri and said defendant admits the issuance of a beneficiary certificate to (the deceased) Morris H. Cauveren." The answer nowhere sets up the kind of corporation it is, other than the admission quoted. It refers to a benefit fund and alleges that neither plaintiff nor deceased were entitled to participate therein on account of not having paid their assessments. The whole answer seems to be drawn on an assumption that the court and everybody con-

cerned knew what sort of company defendant was and that it was unnecessary to state it. If it was defendant's purpose to avoid liability as stated in the petition, it should have set out what sort of organization it was and followed this by allegations of deceased's shortcomings, and thus given itself some definite individuality. It is practically admitted that if defendant is to be considered as a regular life insurance company the acts of the "local scribe," Louis, were the acts of the company. The consequence must follow that his promise, after accepting back dues, to get the health certificate was binding upon the company, and his failure to do so can not now be claimed.

What we have said on this head is really of no practical importance so far as the result is concerned, for the reason that, in our opinion (as above set out) defendant was liable, under the authority cited, even considered as a benevolent or fraternal association.

As to the claim that no sufficient proofs of death were furnished, it is sufficient to say that defendant having denied liability in toto, no proofs were necessary.

What we have said necessarily disposes of most of defendant's case. Other suggestions made are not considered meritorious. The judgment being manifestly for the right party, it is our duty to affirm it, which is accordingly done. All concur.