CHARLES R. HARKLESS, Respondent, v. CHICAGO, ROCK ISLAND & PACIFIC RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, November 21, 1910.

1. **CARRIERS OF PASSENGERS: Ejecting Passenger: Damages.** Plaintiff sued for damages for injuries received when ejected from a moving train. His ticket entitled him to passage to Ionia, but, after boarding the train, he concluded to continue his journey to a station beyond, and so notified the conductor. The latter told him to get off at Ionia and get a ticket. He got off, but as there was no agent in the office he could not get a ticket, and he then attempted to get back on the train which was starting, but the conductor, learning that he had no ticket, forcibly ejected him from the moving train. *Held,* that plaintiff was entitled to recover damages for the injuries received, and for mental suffering and humiliation.

2. ———: ———. When a passenger seeks to comply with the rule requiring the purchase of a ticket, but is unable to do so, by reason of the absence of the station agent, the conductor of a train is not justified in ejecting him from a moving train.

3. ———: ———: **Punitive Damages.** Where the action of a conductor in ejecting a passenger without a ticket from a moving train is without justification and wanton, punitive damages may be recovered.

Appeal from Benton Circuit Court.—*Hon. C. A. Denton,* Judge.

AFFIRMED.

*W. F. Evans* and *Sebree, Conrad & Wendorff* for appellant.

(1) Defendant had the right to adopt reasonable rules and regulations. Cross v. Railroad, 56 Mo. App. 664; Jones v. Railroad, 17 Mo. App. 158; Railroad v. Vandyne, 57 Ind. 576; Car Co. v. Reed, 75 Ill. 130. (2) At the time plaintiff claims to have been injured he was not a passenger. Schepers v. Railroad, 126 Mo. 665; Schaefer v. Railroad, 128 Mo. 71; Rawlins v. Railroad, 97 Mo. App. 515; Omar v. Transit Co., 102 Mo. App. 207; O'Donnell v. Railroad, 197 Mo. 116; Devoy v. Transit Co., 192 Mo. 211. (3) Plaintiff was not entitled to recover for alleged humiliation suffered by him. Logan v. Railroad, 77 Mo. 663; White v. Railroad, 132 Mo. App. 345; Glover v. Railroad, 129 Mo. App. 571; Smith v. Railroad, 127 Mo. App. 53. (4) Plaintiff was not entitled to recover punitive damages. Logan v. Railroad, 77 Mo. 663; State v. Jungling, 116 Mo. 165; Dorsey v. Railroad, 83 Mo. App. 543; Gardner v. Railroad, 117 Mo. App. 147; Ickenroth v. Transit Co., 102 Mo. App. 597. (5) The court erred in declaring, as a matter of law that, certain facts shown, the defendant had not afforded sufficient facilities for the purchase of tickets. Railroad v. Strickland, 90 Ga. 567. (6) The court erred in admitting, for the consideration of the jury, incompetent and prejudicial testimony over the objection and exceptions of the defendant. It was error to permit plaintiff to tell the jury of what his family consisted over the objection of the defendant. It was error to permit plaintiff's physician to tell the jury what tendency, in some cases, a strain had.

*W. A. Dollarhide, W. S. Jackson* and *Barnett & Barnett* for respondent.

(1) While it is true that the defendant had a right, by rule, to provide that all persons, before be-

ing permitted to enter any of its passenger trains, as a passenger should first procure a ticket, yet this rule is not so absolute and unbending as to authorize the defendant to enforce it under all circumstances. Before it could enforce such a rule it was the duty of the defendant to have afforded sufficient facilities for the purchase of tickets and if the plaintiff applied at defendant's office at Ionia, to purchase a ticket shortly before he boarded the train and during the time the train stopped at Ionia, and that said defendant's ticket agent was absent therefrom, so that plaintiff could not procure a ticket then it was the duty of the defendant to carry plaintiff without a ticket, provided he offered to pay his fare, and the servants in charge of the train had no right to expel plaintiff therefrom after he had offered to pay his fare. Therefore the court did not err in giving instructions Nos. 2 and 5 for plaintiff. Cross v. Railroad, 56 Mo. App. 664; Gardner v. Railroad, 117 Mo. App. 138; Jones v. Railroad, 17 Mo. App. 158; 2 Rorer on Railroads, 985. To permit a railroad company to complain of a violation of its own rules necessitated by the negligence of its own agents would be absurd. 117 Mo. App. 146. (2) But even though, the plaintiff did not offer to pay his fare, and had no right upon defendant's train, yet the defendant's servants had no right to eject him while the train was in motion, and would only have a right to put him off after having stopped the train. Therefore, the court did not err in giving instruction No. 3 on behalf of plaintiff. Holt v. Railroad, 174 Mo. 524; Gates v. Railroad, 125 Mo. App. 342; Brown v. Railroad, 66 Mo. 588. In this last case an instruction the same as No. 3 was approved. See sec. 1074, R. S. 1899. Curtis v. Railroad, 99 Mo. App. 502. (3) The court did not err in giving instruction No. 4 in behalf of the plaintiff. There was physical injury inflicted in this case, and therefore we were entitled to

damages for mental suffering. And as a part of his mental suffering, the feeling of humiliation suffered, may be considered. This is a part of the actual damages. Carmody v. Transit Co., 172 Mo. App. 338; Bohling v. Railroad, 189 Mo. 238; Duggan v. Railroad, 159 Pa. 248. (4) The plaintiff was a passenger; not a trespasser. He was not trying to steal a ride. Taking a place in the carrier's conveyance with the intention of being carried, implied an agreement to pay fare and at once there springs up the reciprocal duties and responsibilities of carrier and passenger. Rawlings v. Railroad, 97 Mo. App. 515. (5) There was no error in permitting plaintiff to testify that he was a married man with children. If for no other purpose this would serve as an explanation as to who the plaintiff was and it is entirely harmless. It would identify him. But in actions such as justify exemplary and punitive damages, it is not error to permit evidence of the number and character of plaintiff's family. 4 Ency. of Evid., vol. 4, p. 29; Johns v. Railroad, 39 S. C. 162; Enquire Co. v. Johnson, 72 Fed. 443.

BROADDUS, P. J.—This is a suit for damages, in which plaintiff alleges that he was injured by the wrongful act of defendant while he was a passenger on one of its trains.

The plaintiff's evidence tends to show that about the 10th day of July, 1908, he purchased a ticket at defendant's station Nay for transportation to Ionia on defendant's railroad between St. Louis and Kansas City; and that before it reached Ionia, he notified the conductor that he intended to go beyond Ionia to another station called Brandon, and that the conductor told him that if he intended to go to Brandon he must get off at Ionia and purchase a ticket for that purpose; that in compliance with the said direction of the conductor he got off when the train reached Ionia and entered the station for the purpose of pro-

curing such ticket, but found that the ticket agent was not there, and that there was no one in charge from whom he could procure a ticket; that he came out of the station and saw the agent at work with the baggage at the train, at which time the train was starting, whereupon he undertook to board it and got upon the steps of one of the cars, when the conductor said to him, "Did you get a ticket?" to which plaintiff replied, "No, there was no agent in the ticket office," that the conductor then said, "You will have to get off." He said to the conductor, "No," whereupon the conductor forcibly unclinched plaintiff's hand from the bars of the car to which he was holding and pushed him backward while the train was in motion, causing him to sprain his ankle and receive other bruises; and that his ankle became swollen and had to be treated by a doctor, and disabled him from work for two weeks; and rendered him partially disabled most of the summer, and caused him great pain and suffering, both mentally and physically, and great humiliation.

The defense in its answer denies that plaintiff was ejected from the car, but alleges that he got off at Ionia, and did not get back upon the steps of the car, but merely came to the train and demanded a package which he had left when he got out and that was handed to him; and it introduced evidence in support thereof. And further that under the rules of the defendant no one was allowed to take passage on its trains without first having procured a ticket.

The jury returned a verdict for the plaintiff for two hundred and fifty dollars compensatory damages, and for two hundred and fifty dollars punitive damages. Under the instructions of the court the jury were allowed to take into consideration as an element of plaintiff's damage not only the injury to his person, his pain of mind and body, but also the humiliation he suffered. The defendant appealed.

It is contended by defendant that plaintiff was not entitled to recover on the evidence. The argument to support this position is that under the rules of the company persons contemplating taking passage on one of its trains must first purchase a ticket. It is not denied but what the rule is a reasonable one, but at the same time it must be enforced in a reasonable manner. There may be instances in which, if it should be enforced to the letter, it might work a hardship. And besides, if the defendant is permitted to exact a compliance with its rule, it must give the traveling public an opportunity to purchase tickets in the first instance. The plaintiff sought to comply with the requirement but was not permitted to do so, by reason of the absence of the station agent, therefore, the defendant's conductor was not justified in ejecting him from the train after he had been notified by plaintiff that he was unable to procure a ticket as stated.

In this respect the case is somewhat similar to the case of the Chicago & Alton R. R. Co. v. Flagg, 43 Ill. 364, which has been approved by the courts of Missouri. There it is held that: "When the company requires tickets to be purchased at the station it must furnish convenient facilities to the public by keeping open the office a reasonable time in advance of the hour fixed by the time-table for the departure of the train." [Cross v. Railroad, 56 Mo. App. 644; Gardner v. Railroad, 117 Mo. App. 138.] If plaintiff's statement is true, and it must be so taken on this question, he had not ceased to be a passenger when he left the train for the purpose of complying with the rules of the company, the conductor having been notified of his intention. Besides, he had left a part of his baggage in the car he had vacated. [Gardner v. Railroad, supra; Cross v. Railroad, supra; Jones v. Railroad, 17 Mo. App. 158; Holt v. Railroad, 174 Mo. 524.]

The defendant complains of the giving of instruction No. 3 given on behalf of plaintiff. It is as follows:

The jury are instructed that although they may believe from the evidence that at the time plaintiff was ejected from defendant's train, if you believe he was ejected by the defendant's servants in charge thereof, that plaintiff did not have a ticket authorizing him to ride on such train, and did not offer to pay his fare as a passenger thereon, yet the employees and servants of defendant in charge of said train had no right to forcibly eject plaintiff from said train while the same was in motion; if you believe that said servants did forcibly put plaintiff off of said train while the same was in motion, by reason of which he received the injuries, then your verdict should be for the plaintiff.

"A passenger cannot be ejected while the train is in motion for failure to pay, or for any other reason, and the company is liable if he is ejected from a moving train," etc. [Holt v. Railroad, supra; Gates v. Railroad, 125 Mo. App. 334; Brown v. Railroad, 66 Mo. 588.] Instruction No. 4 given for plaintiff authorized the jury to return a verdict for punitive damages. The action of the court in giving this instruction is claimed to be error. We do not think so. The evidence of plaintiff tending to show that the action of the conductor in ejecting plaintiff from the steps of the car while it was in motion was of a most wanton character. It might with propriety be classified as a criminal assault with intent to do great bodily harm. At least it amounted to an assault and battery. The argument of defendant is that defendant is not liable for punitive damages because defendant did not use any more force than was necessary to expel defendant from the car; and in support of this argument the case of Ickenroth v. St.Louis Transit Co., 102 Mo. App. 597, and kindred cases are cited. These cases apply to instances when the company is justified in ejecting a passenger, and not to a case like this when the action

of the company was wrongful in the first place, and wanton in the second place.

In its contention that plaintiff was not entitled to compensation for mental suffering or humiliation, the defendant relies upon the following expression of the law in Glover v. Railroad, 129 Mo. App. 563: "When a passenger who is wrongfully ejected from a train by the conductor sustains no physical injury in consequence thereof, and the ejection is unaccompanied by unnecessary force or violence, wilfulness, or malice, but is made in good faith under the mistaken belief of the conductor that the passenger is not entitled to ride on the train, the passenger may recover compensation for all the inconvenience, loss of time, labor, and expenses incurred by him in consequence of the wrongful act; but he may not recover damages for mental suffering or humiliation; nor damages by way of smart money." This is the true rule, but it does not apply to this case for the reasons already stated that the act of the conductor was not only wrongful but was wanton, also, it seems that the defendant entertains the theory that the conductor of the train used no more force than was necessary to eject the plaintiff, and was acting in good faith; and that the plaintiff was only entitled to compensatory damages. Had the train been at a stand at the time, this contention would be correct, but not so if the train was moving at the time. The conductor should have first stopped the train before he attempted to eject plaintiff. No force should have been used under the circumstances. The act of the conductor was wrongful and without just cause or excuse, and the law implies malice and evil intent. Almost the entire argument of defendant is founded on a misapplication of the law to the issues and facts of the case. Other errors are assigned to the action of the court, but we do not consider them of sufficient importance for discussion. The case was well tried. Affirmed. All concur.