SARAH M. BRASHEAR, Respondent, v. AMERICAN PATRIOTS, Appellant.

Kansas City Court of Appeals, February 19, 1911.

1. FRATERNAL BENEFIT ASSOCIATION: Proof of Death: Waiver. Plaintiff sued on a benefit certificate issued to her husband. Proofs of death were not furnished within the thirty days required by the constitution of the order, but were furnished some time thereafter. The defendant wrote to the plaintiff requesting further information and asserting that it had ninety days after the filing of proof to investigate and pass upon her claim. *Held*, that the condition concerning proof of death was waived.

2. EVIDENCE: Rebuttal: Discretion of Court. The court, in its discretion, and in the interest of justice, may admit evidence in rebuttal which should ordinarily only be admitted in chief.

3. INSTRUCTIONS: Conjunctive. Where the conjunctive "or" is used in an instruction instead of "and," and the burden of the plaintiff was thereby increased, there is no cause for complaint on the part of the appellant.

Appeal from Boone Circuit Court.—*Hon. D. H. Harris*, Judge.

AFFIRMED.

*Harris & Finley* for respondent.

*W. H. Rothwell* and *E. W. Hinton* for appellant.

BROADDUS, P. J.—This is an action brought by respondent in the circuit court of Boone county, Missouri, against appellant, based upon a benefit certificate for $1000 issued by the Married Men's League of America in July, 1905, to respondent's husband, Cleveland S. Brashear. The petition alleges and the answer admits that the appellant was and is a fraternal benefit association, duly incorporated under the laws of the state of Illinois, and engaged in Missouri and elsewhere in insuring the lives of its members, and also that the Married Men's League of America was a fraternal benefit association, duly incorporated as such and engaged in business in insuring the lives of its members. In the year 1907 the Married Men's League of America was absorbed by the appellant, and on January 31, 1908, by its certificate No. 16583 the appellant assumed the payment of said benefit certificate. One of the conditions upon which appellant assumed the payment of said benefit certificate was that said Cleveland S. Brashear should sign a warranty of good health. On January 31, 1908, said Brashear signed such warranty and thereby expressly warranted that he was at the time "in perfect good health" and therein expressly stipulated that the warranty so made should become "one of the warranties upon which my insurance in said order is based."

The said Cleveland S. Brashear paid the monthly assessments due the appellant for the months of January, February, March and April, 1908, and so far as the payment of dues is concerned was in good standing at the time of death which occurred on April 25, 1908. The deceased was survived by his widow, the respondent, who is the beneficiary named in the certificate sued on.

The answer of appellant sets up, first, a breach of the warranty in that said Cleveland S. Brashear "was not at the time of signing the same in good

health, that he was at the time suffering from respiratory trouble, diseases of the throat and lungs and an affection which he had said was asthma,'' and second, and the respondent failed to file the proofs of death of said Cleveland S. Brashear within the time prescribed by the by-laws of the appellant, which by-laws were made a part of the contract between appellant and deceased. The appellant also tendered in court $7.40, the total amount of dues paid appellant by deceased.

The evidence in the case was somewhat conflicting. The respondent testified that her husband's health at the time he signed the warranty was very good; that he was taken sick about the 17th of March and died on the 25th day of April, 1908. On cross-examination she stated that he was not complaining of any trouble that he called asthma; that he never had asthma and no difficulty in breathing; that he consulted no physician previous to his last sickness; that he died of what Dr. Schaefer pronounced pneumonia; that Dr. Jones attended him at first in his sickness, but did not tell her what sickness he was afflicted with. A witness by the name of Boggs having testified for the defendant that deceased was afflicted with difficult breathing at times, plaintiff on being re-called stated that she noticed heavy breathing of her husband only when he had a severe cold from driving in the country and getting wet. She was corroborated by her daughter, Miss Brashear.

Dr. Jones testified that deceased had acute pneumonia when he attended him in his last sickness, but he did not find him suffering from any other disease. An affidavit he made of proof of loss was introduced in which he stated that he had treated him for asthma and enlarged liver; and that he died from abscess of the lungs, but explained that acute pneumonia frequently caused abscess of the lungs; and that asthma sometimes is only a symptom of some other disease;

and that he discovered in the deceased no symptoms of chronic asthma.

Dr. Heavenridge testified that on December 11, 1907, the deceased made application to become a member of the Mutual Protective League; that he was the medical examiner for that league; and that he examined the deceased. He stated as follows: "I found the lungs in perfect condition. There were normal sounds. There was no dullness.. His throat and tonsils were perfectly normal. His expansion was thirty-eight inches; his greatest expansion was forty-two inches, I think, giving him normal chest expansion of four inches. I found no cough or deep respiration or inspiration. The lungs were perfectly normal. No emaciation or weakness tending throat troubles," and added, "I would say he was in perfect health."

James E. Boggs testifying for defendant stated that he had known deceased about two years; that he was the secretary of the Married Men's League and of the defendant association at the time deceased made application to be reinstated in the latter organization; that he told him just what the warranty meant; that if he was not in good health his warranty would do him no good; that the reason he said this to him was that he had made a similar application previously when he refused to reinstate him after having talked to some of the members of the order; that his appearance was good when he signed the warranty, but that he had a cough and was wheezing very loud, just like he had the asthma; that he did not know whether there was anything else wrong with him or not, "but he was wheezing so you could hear him all over the house." Several other witnesses testified similarly as to the condition of deceased.

The constitution of the order requiring proof of death within thirty days thereafter was offered in evidence by defendant, which on objection by plaintiff, the court excluded.

There was a delay in making proof of the death of deceased of more than thirty days thereafter. It was shown that thereafter on July 16, 1908, the defendant's manager wrote plaintiff the following letter:

Dear Madam: Replying to you favor of the 9th inst., just received in which you state that sixty days have expired and that you would like to know just how soon the society will settle your claim, I beg to say that although the proofs show that Mr. Brashear died on April 25, 1908, proofs of death were never filed by you until July 9th, just one week ago today. Under the constitution of the order, the board of directors have ninety days after proofs are filed in which to investigate and pass upon claims and it will no doubt act within the time given by the constitution." On July 17th, the manager wrote plaintiff as follows:

"Dear Madam: On examination of the medical proofs of death filed, I find that Dr. C. W. Jones does not give the dates of his visits to Mr. Brashear nor the duration of the severe illness for which he treated Mr. Brashear. It will, therefore, be necessary that the information called for be furnished in an additional statement, blanks for which purpose I hand you herewith. Please have Dr. Jones furnish the information called for by this blank at once that the Board of Directors may pass upon your claim as speedily as possible." In compliance with this request of defendant's manager, plaintiff procured Dr. Jones to make the additional statement required and forwarded the information called for.

The verdict and judgment were for $1000, the amount of the policy, from which defendant appealed.

It is first contended by appellant that the court committed error in refusing as evidence the constitution of the order limiting the time within which proofs of death should be made to thirty days after the death of the insured. Ordinarily such evidence is ad-

missible where the defense is failure to make such proof in the time so required by the laws of the insurer. But in this case the evidence was immaterial and its rejection was not prejudicial. The manager by his acts, after notifying plaintiff that the time for filing proof of the death of deceased had expired by reason of the limitation provided for in said constitution, led her to believe that the delay in not adjusting her claim was because his company had ninety days after proofs had been filed to investigate and pass upon it; thus clearly intimating that the defendant would not take advantage of such delay, but was only reserving the right to investigate and pass upon the merits of the claim itself. And further, after having examined the medical proofs of death furnished by Dr. Jones, the manager wrote the letter referred to for additional information of a certain kind urging despatch upon the part of the plaintiff. It showed, we think, conclusively that defendant had abandoned all intentions to rely upon a forfeiture by reason of the failure of respondent to furnish proofs of loss within the time limited. And it cannot be denied but what respondent acted upon this idea defendant's manager conveyed that all she had to do was to furnish the additional statement and the merits of her claim would be investigated and passed on by defendant's board of directors. It seems to us, under these uncontradicted facts, there was nothing left for the jury, and that it was a question of law for the court whether the defendant had waived said condition in its policy contained in the constitution of the order.

It is said that: "The insurer may waive the forfeiture resulting from the failure to give notice, and if the assured is thereby led into the expenditure of time or money in presenting his demand a waiver will be presumed." [Myers v. Casualty Co., 123 Mo. App. 682.] It is true that the law is that the burden of proof to establish a waiver is upon the plaintiff, and

where the evidence tends strongly to establish such waiver it was a question for the jury. [Gale v. State Ins. Co., 33 Mo. App. l. c. 672.] The opinion quotes from Wood on Insurance that, "in all cases the question is for the jury whether compliance was waived." We think the author made a slip in the use of the expression that "in all cases the question . . . is for the jury." This case affords an example that refutes the statement as containing the law. All the evidence showing a waiver consisted of the letters of the defendant's manager and as such were the declarations and acts of the defendant itself. The evidence was undisputed and indisputable. There was no fact for the jury to pass upon. Practically the acts going to establish a waiver were admitted. We do not understand that the court in using the quotation was committed to its meaning according to its exact phraseology, but only to the general principle it contains.

But appellant contends that the court had no right to assume that it would not overcome the evidence of waiver. If it had such evidence the offer should have been made at the proper time and having failed in that respect defendant should not complain. We are of the opinion appellant had no such evidence and could have produced none, and it has not suggested any such in its brief or argument.

We will not enter into a discussion whether plaintiff's evidence established the fact that deceased was in good health at the time of the warranty. It is sufficient standing uncontradicted to sustain the verdict of the jury. It is true the evidence of the defendant was of a contradictory character and showed, if true, that plaintiff was not in good health at the time he gave the warranty. In the light that it appears to us the plaintiff had the preponderance of the evidence on the question in her favor. The criticism the appellant bestows an the alleged contradictory statements of respondent was a matter for the

proper consideration of the jury, the arm of the court alone authorized to pass upon the credibility of witnesses.

Exception was taken to the action of the court in permitting respondent after the close of appellant's testimony to testify to matters in chief. It is true that her testimony, strictly speaking, was not in rebuttal, but we do not think appellant was injured thereby. The rules providing for the manner in which trials shall be conducted were made for the purpose of insuring orderly proceedings and should be followed by the trial courts, but these rules are not to be so strictly construed as to prevent the court in its discretion and in the interest of justice of admitting evidence out of the regular order.

Instruction 1 given for respondent is attacked for want of verbal accuracy. The conjunctive "or" it is said is used where it should be "and," and that "respiratory organs" as used may have been taken by the jury to mean "lungs." Had the conjunctive "and" been used in said instruction it would have imposed upon appellant the burden of proving that the deceased was afflicted with the numerous diseases alleged in appellant's answer as a defense, whereas, the proof of one would have been sufficient for the purpose. It is no good cause for complaint that a person's burdens have been lightened, but should be increased. The answer charged that deceased was suffering from "respiratory trouble." It seems to us there could have been no "respiratory trouble" unless the "respiratory organs" were afflicted. However that may be, if there was error it was in appellant's favor as it imposed a burden upon respondent that she was not required under the issues to sustain. Farther distinction is attempted between the two terms which we think are unauthorized. There being no material error in the trial the cause is affirmed. All concur.