G. A. WALKER, Administrator, Respondent, v. KNIGHTS OF MACCABEES, Appellant.

Kansas City Court of Appeals, January 5, 1914.

1. FRATERNAL BENEFICIARY ASSOCIATION: Certificate: Proofs of Death: Forfeiture: Waiver. If a beneficiary society issues a benefit certificate of life insurance providing that it may be forfeited for nonpayment of monthly dues and after-

wards notifies the beneficiary that it will not pay on the ground that the certificate was forfeited and enters it on its books as forfeited and returns dues sent to it on the ground that there is no existing policy and follows this by pleading such forfeiture, proofs of death are waived.

2. ———: **Demand of Proofs After Time: Expense: Waiver.** If a beneficiary demands payment of a benefit certificate after time when proofs of death should be made and the company asks that proofs be made, thereupon the beneficiary dismisses an action it had brought and makes the proof on blanks furnished by the company, expending time, labor and money thereon and sends them to the company who returns them on the ground that they were not made in time; it was *held* that the matter of time in which the proofs should have been made was waived.

Appeal from Carroll Circuit Court.—*Hon. Frank P. Divelbiss,* Judge.

AFFIRMED.

*R. P.* and *C. B. Williams* for appellant.

*Charles R. Patterson* and *Jones & Conkling* for respondents.

ELLISON, P. J.—Plaintiff's action is based on a benefit certificate of life insurance issued to George F. Miller, his wife Fannie Miller being the beneficiary. After Miller's death his widow died and the plaintiff brings the action as administrator of her estate. The judgment in the trial court was for the plaintiff.

At the trial it was shown that in the month of August, 1902, Miller left his home in Missouri stating that he intended going to Abilene, Kansas, for a few days and that while on his way, at Kansas City, he wrote to his wife and daughter jointly, that he had arranged to proceed on his journey the next day. It does not appear that he went to Abilene and he was not heard of afterwards. After the lapse of more than seven years, when his death would be presumed, this action was brought on the certificate.

One of defendant's by-laws provided for suspension from all rights under the benefit certificate for "failing to pay the monthly rate within the month when it is due."

After his departure his wife made some payments of dues, but failed to make payment for January, 1903, whereupon defendant suspended him and forfeited the certificate and so entered it on its records, on the 5th of February, 1903. After failing to make the January payment she wrote to the "Grand Commander" of defendant under date of February 21, 1903, that she feared her husband had been killed. The Grand Commander answered that letter on February 24th that the defendant must know beyond any question or doubt that he was dead and indicated that the minister or undertaker at the funeral should certify to his death.

In a few weeks afterwards the dues for January and February were handed to one of defendant's "local officers" with the request that the forfeiture be set aside and he reinstated. This money was forwarded by the local officer to the "head office," but was immediately returned in a letter refusing the request.

Defendant's answer admitted it issued the certificate but alleged it was deceased George Miller's duty to pay monthly dues and that he had "refused and declined to make said payment for the month of January, 1903, by reason of which the certificate became forfeited, null and void," and had so remained. The answer then also set up a failure to make proofs of death.

The trial court gave an instruction that if defendant had declared the certificate forfeited and void, it was a waiver of the proofs of death, and the propriety of that instruction is the principal ground of the appeal.

The position taken by defendant was that Miller's death was of no concern to it, since its interest in him

had long been severed, and it had no contractual rela-
tion with him or his beneficiary. The contention that
there should be proofs of loss in the face of such action
and such plea is like saying "we want proofs of loss,
but we won't pay you when you make them." When-
ever it appears from the declarations of the insur-
ance company that it has determined not to pay the
policy even though proofs of death are furnished, then
such proofs are useless and unnecessary. [McComas
v. Ins. Co., 56 Mo. 576; Crenshaw v. Ins. Co., 71 Mo.
App. 50; Dolan v. Ins. Co., 88 Mo. App. 666; Brashear
v. Patriots, 161 Mo. App. 566; Winter v. Supreme
Lodge, 96 Mo. App. 1.]

Defendant cites us to Dezell v. Fidelity and Cas-
ualty Co., 176 Mo. 253, as opposed to this view, but
we think it cannot be so interpreted. On the contrary
it reviews and approves of many cases supporting
what we have said. That case decides (p. 277) that
an answer may set up that the insurance company
never issued the policy; that the party alleged to have
been insured died of a cause not covered by the policy
and that proofs of loss were not made. But here we
have a case in which the defendant had demonstrated
long before the answer filed that proofs of loss would
be a vain and useless thing and this was merely fol-
lowed up by the answer.

But there is this further reason why defendant
has waived the proofs of loss, as they were required by
the by-laws. Plaintiff brought an action prior to this.
It seems that plaintiff's attorneys wrote defendant on
March 4, 1911, asking if it intended to pay the certifi-
cate. On March 9, 1911, defendant answered asking
for proofs of death, but before receiving this answer
plaintiff brought the first action. Defendant's answer
placed one ground of defense on lack of proofs of
loss. Thereupon plaintiff took a nonsuit and after-
wards, on the 8th day of June, 1912, furnished proofs
to defendant on blanks furnished by it, who returned

them on the ground that they were not furnished within twelve months of Miller's death, nor within twelve months after his disappearance, nor within twelve months after the expiration of seven years absence when he was presumed to be dead. But defendant knew these things when it last demanded the proofs and it caused plaintiff to dismiss the first suit, to get up the proofs which involved time, labor and trouble together with an outlay of money. In these circumstances there was a waiver of the time in which the proofs should be made. [Dolan v. Ins. Co., 88 Mo. App. 666; Siegel and Son v. Ins. Co., 107 Mo. App. 456; Cauveren v. Ancient Order of Pyramids, 98 Mo. App. 433; Crenshaw v. Ins. Co., 71 Mo. App. 50; Brashear v. Patriots, 161 Mo. App. 566; Weber v. Ancient Order of Pyramids, 104 Mo. App. 729; McMahon v. Maccabees, 151 Mo. 522; Gratton v. Ins. Co., 80 N. Y. 289; Roby v. Ins. Co., 120 N. Y. 517.]

We regard that branch of the evidence heard at the trial tending to show Miller's death based on the fact that he had disappeared and had not been heard from in seven years, as ample to sustain the first instruction given in plaintiff's behalf and to uphold the verdict rendered.

A thorough examination of the record satisfies us that we have no ground to interfere with the judgment and it is accordingly affirmed.

All concur.