MRS. O. C. COOK, Respondent, v. JAMES W. LUSK, W. C. NIXON, and W. B. BIDDLE, Receivers of the ST. LOUIS and SAN FRANCISCO RAIL-ROAD COMPANY, Appellants.

Springfield Court of Appeals, December 31, 1914.

1. CARRIERS OF PASSENGERS: Mistreatment by Conductor: Statement. Action by a lady for damages because of alleged mistreatment by defendant's conductor. Evidence examined and considered sufficient to sustain a finding for plaintiff.

2. ————: Action Against by Passenger for Mistreatment: Puni-tive Damages. A lady passenger, rightfully on a train of de-fendant, who had given the conductor her ticket and was after-wards forced to pay cash fare by the conductor who used in-sulting language to her and threatened to put her off the train, was entitled to recover not only actual but punitive damages as well.

3. INSTRUCTIONS: Carriers: Mistreatment of Passenger by Con-ductor: Evidence: Harmless Error. An instruction in an action against a railroad by a lady passenger for damages because of mistreatment by the conductor, required a finding that plaintiff was frightened. There was sufficient evidence of humiliation and mental anguish and even if it was not fully established that plaintiff was frightened, defendants were not prejudiced thereby.

4. APPELLATE PRACTICE: Instructions: Failure to Limit Punitive Damages: Not Error, When. Where a verdict was for a less amount than that claimed in the petition, no re-versible error was committed because an instruction for plain-

tiff did not limit the amount of punitive damages to the amount
claimed in the petition.

5. **DAMAGES: Carriers: Mistreatment of Passenger: Damages
   Not Excessive, When.** Action by a woman passenger for dam-
   ages because of mistreatment and insults at the hands of the
   defendant's conductor. The evidence showed great humiliation
   suffered in the presence of an acquaintance and several other
   passengers; that plaintiff was so unnerved that she was sick
   for a week. An award of $250 actual and $500 punitive dam-
   ages was not excessive.

Appeal from Pemiscot County Circuit Court.—*Hon.
Frank Kelly,* Judge.

AFFIRMED.

*W. F. Evans, Moses Whybark* and *A. P. Stewart*
for appellants.

(1) Instruction number 1 given for plaintiff is er-
roneous because it allows a recovery for humiliation
and fright, when there was no competent evidence
from which the jury could conclude that plaintiff was
humiliated, and no evidence whatever that she was
frightened by the alleged conduct of the conductor. It
is error to submit to the jury issues which have no
evidence to support them. Mansur v. Botts, 80 Mo.
658; Degonia v. Railroad, 224 Mo. 589; Groneweg, etc.
Co. v. Estes, 114 Mo. App. 427; Smith v. Bank, 147
Mo. App. 463. (2) Instruction number 2 given for
plaintiff on the measure of damages is erroneous be-
cause it allows the jury, in assessing actual damages,
to take into consideration the humiliation suffered by
plaintiff, when there was no evidence that she was hu-
miliated. Authorities cited under point 1. Said in-
struction is further erroneous in not limiting the as-
sessment of punitive damages to the amount claimed
in the petition. Spohn v. Railroad, 116 Mo. 633. (3)
The verdict of the jury is excessive in respect of ac-

tual damages. The most that plaintiff was entitled to recover, under the evidence, was nominal damages. The verdict is grossly excessive in respect of punitive damages. Trigg v. Railroad, 74 Mo. 147; Smith v. Railroad, 127 Mo. App. 53; Boling v. Railroad, 189 Mo. 238; Breen v. Transit Co., 102 Mo. App. 479.

*Ward & Collins* for respondent.

(1) Instruction number 1 given for plaintiff was proper. If the abuse, insult and conduct of the conductor as alleged, were proven, then plaintiff would be entitled to recover if she was humiliated and caused to suffer mental anguish and humiliation, regardless of whether she was frightened or not. Bolles v. Railroad, 134 Mo. App. 696; Glover v. Railroad, 129 Mo. App. 563; White v. Railroad, 132 Mo. 339; Leyser v. Railroad, 138 Mo. App. 45; Bowling v. Railroad, 189 Mo. 219; Trigg v. Railroad, 74 Mo. 152; Smith v. Railroad, 127 Mo. App. 59; Cathey v. Railroad, 149 Mo. App. 143; Harkless v. Railroad, 151 Mo. App. 463. (2) Instruction number 2 for plaintiff was correct. Aside from the direct testimony that plaintiff was humiliated the jury would have the right from the facts and circumstances to say whether or not she was humiliated. And as the amount alleged in the petition for punitive damage was for $1000, and the amount of the verdict of the jury was $500, the defendant could not possibly be hurt by failure to limit the amount of recovery to the amount expressed in the petition, for failure of an instruction to limit plaintiff's recovery to the amount sued for is without prejudice, where the verdict was less than the petition demanded. Williamson v. Railroad, 133 Mo. App. 375; Samson v. Railroad, 156 Mo. App. 419; Edgar v. Kupper, 110 Mo. App. 280; Grant v. Railroad, 25 Mo. App. 227; Murphey v. Railroad, 96 Mo. App. 272. (3) Plaintiff was entitled to recover actual damage not only for the extra dollar fare she

paid, but also for her insult, suffering and humiliation, and if the jury found actual damages for the plaintiff and that the defendant's conductor acted wilfully, wantonly and maliciously, they could also award her punitive or exemplary damage which they might believe under the facts and circumstances would be just and serve as an example to prevent a repetition of such conduct and a punishment to defendant. Glover v. Railroad, 129 Mo. App. 571; Smith v. Railroad, 122 Mo. App. 88; White v. Railroad, 132 Mo. App. 345; Wilson v. Railroad, 160 Mo. App. 659; Harlers v. Electric Co., 123 Mo. App. 28; Smith v. Railroad, 127 Mo. App. 60; Voss v. Bolzenius, 147 Mo. App. 380; Bowles v. Railroad, 134 Mo. App. 750; Boling v. Railroad, 189 Mo. 238; Hickory v. Welsh, 91 Mo. App. 4.

FARRINGTON, J.—The plaintiff, a woman, recovered a judgment against the defendants for $750, of which $250 was allowed as actual and $500 as punitive damages. Her petition counted on mistreatment of her by the conductor in charge of one of defendants' trains while she was a passenger thereon. The defendants are the admitted receivers for the St. Louis and San Francisco Railroad Company.

Plaintiff testified that she is a married woman, residing at Holland, in Pemiscot county, Missouri, and that she purchased a ticket from the defendants' agent at that place entitling her to first-class passage to Lilbourn, Mo., paying him eighty-four cents. She had with her a baby and a suit case. She boarded one of defendants' trains and took a seat beside Mrs. S. E. Redman, a woman who lived in Arkansas and who was known to the plaintiff. She testified that soon after the train left Holland, going north, a conductor came along, raised the window by the seat where she sat, took up her ticket, and went on; that after the train had passed the next station the conductor again demanded her ticket; that she informed him he had al-

ready taken it up; that he told her she had not given him any ticket and that he did not have a ticket for Lilbourn at all; that he came back to her two or three times; that when she told him she had given him her ticket he was angry, gruff, independent, and spoke harshly, and told her at three different times she was a liar, and that once he told her she had "emphatically lied;" that he demanded that she pay her fare and told her if she did not he would put her off the train; that he denied that she boarded the train at Holland, saying she had boarded it at Blytheville, a station south of Holland; that to avoid being put off the train she finally gave him a five dollar note and that he gave back only four dollars. He gave her a receipt which she introduced in evidence, showing that he had marked the cash fare paid as eighty-four cents. She is corroborated by the defendants' agent at Holland in that she bought a ticket of him to Lilbourn, paying eighty-four cents for it; and she is corroborated in practically every detail as to what she says occurred on the train by Mrs. Redman, the woman with whom she sat, excepting her statement that the conductor called her a liar. Mrs. Redman testified that she was not paying particular attention to the conversation all the time and she would not say that the conductor did not call Mrs. Cook a liar. Her testimony on this point is as follows: "He was closer to Mrs. Cook than he was to me. He was standing in front of us some way. He might have been in the seat in front of me. Q. You say he didn't call her a liar? A. He talked awful gruff to her. Q. Well, did he call her a liar? A. Well, he said the same thing; I don't— Court: Tell what he said. The best that I remember, he didn't say—I didn't hear him say 'You are a liar,' but he used the same meaning, it meant the same thing. Q. Well, what did he say? A. I might not say it like he said it. Q. You say he didn't call her a liar, what did he say? A. When I heard him—they talked a good while; I never

paid no mind. Q. What did you hear him call her?
A. I don't remember. Q. You didn't hear him call
her anything, did you? A. He talked awful rough.
Q. Rough and independent? A. He talked a long time
to Mrs. Cook that I didn't pay any mind to at all. Q.
He was angry, was he? A. Yes, sir."

Plaintiff testified that owing to the gruff manner
in which the conductor talked to her, calling her a liar
three times, making her pay the second fare, and
threatening to put her off the train, greatly excited and
unnerved her and that on account thereof she was too
weak to carry her grip when she reached her destina-
tion and that she remained nervous for a week—did
not go to bed but felt bad and was sick.

The conductor as a witness for the defendants tes-
tified that plaintiff never gave him a ticket at all, and
denied that he was abusive or insulting in any way
or that he threatened to put her off the train. De-
fendants also called as witnesses a Mrs. Gomer, wife
of one of the railroad employees, and her sister, Mrs.
Walker. They were several seats away from the plain-
tiff on the car and testified that they heard no such
conversation between plaintiff and the conductor as
detailed by plaintiff and Mrs. Redman. Another wit-
ness for the defendants (Mrs. Green) who was on the
car heard nothing of the trouble. The testimony of
these three ladies introduced as defendants' witnesses
can have but little weight as they are shown to have
paid but slight attention to what was transpiring be-
tween the conductor and plaintiff; their testimony is
merely negative in character. [See Quinley v. Spring-
field Traction Co., 180 Mo. App. 287, 165 S. W. 346,
349.]

There being nothing unreasonable in the state-
ment of plaintiff and her witnesses as to what occurred
we are required to treat the finding of the jury thereon
as binding.

The case made by plaintiff's evidence is that she was rightfully on the train and entitled to passage from Holland to Lilbourn and that the conductor wrongfully made her pay cash fare and in doing so wantonly, wilfully and maliciously used insulting language toward and concerning her in the presence of one person she knew as well as the strangers on the car. This entitled her to recover not only actual damages but punitive damages as well, because his conduct was such as to heap insult upon injury. [See, Bolles v. Railroad, 134 Mo. App. l. c. 705, 706, 115 S. W. 459; Glover v. Railroad, 129 Mo. App. l. c. 571-574, 108 S. W. 105; Cathey v. Railroad, 149 Mo. App. 134, 130 S. W. 130; White v. Street Railway Co., 132 Mo. App. 339, 112 S. W. 278; Leyser v. Railroad, 138 Mo. App. 34, 35, 119 S. W. 1068; and Harkless v. Railroad, 151 Mo. App. 463, 132 S. W. 29.] Plaintiff testified that the conductor was a large man, and that he called her a liar, threatened to put her off the train, and made her pay the second time. We differ with appellant and hold that this is sufficient conduct when used toward a woman who was in no way in the wrong to bring on humiliation.

Complaint is made that instruction numbered 1 given for plaintiff allowed a recovery for fright when there was no evidence that the plaintiff was frightened. The instruction required the jury to find that plaintiff "was caused to and did suffer humiliation, became abashed, unnerved and frightened, and was caused to and did suffer mental anguish, humiliation and nervousness and was damaged thereby." There was sufficient evidence in our judgment to support a finding that plaintiff was frightened, when the conduct of the conductor toward the unattended woman with her baby is taken into consideration. Still, there was sufficient evidence of humiliation and mental anguish, and the finding that plaintiff was frightened could not materially affect the defendants—as the in-

struction probably placed a greater burden on the plaintiff than was necessary for her to carry in order to recover. [See, Brashear v. Patriots, 161 Mo. App. l. c. 573, 144 S. W. 163; Oehmen v. Portmann and Woempner, 153 Mo. App. 240, 133 S. W. 104; and Berry v. Railroad, 214 Mo. 593, 114 S. W. 27.]

Error is assigned in that the second instruction for plaintiff did not limit the amount of punitive damages to the amount claimed in the petition. The verdict was for a less amount than that claimed in the petition; hence, no reversible error on this score. [Williamson v. Railroad, 133 Mo. App. 375, 113 S. W. 239; Sampson v. Railroad, 156 Mo. App. 419, 138 S. W. 98.]

What has been said disposes of the assignment of error as to the refusal of defendants' instruction numbered 2.

It is contended that the verdict is excessive. The $250 allowed by the jury as actual damages was for the humiliation suffered by the plaintiff in the presence of an acquaintance and a number of strangers. The evidence is that she was so unnerved that she was sick for a week. The verdict is not so excessive as to call for our interference. The smart money allowed is not out of proportion in amount with allowances approved as will be seen by reading the cases hereinbefore cited in which punitive damages were allowed passengers.

There is no reversible error in the admission of testimony.

The judgment is affirmed. *Robertson, P. J.,* and *Sturgis, J.,* concur.