GRANGER *v.* MANCHESTER FIRE ASSURANCE CO.

1. FIRE INSURANCE—MORTGAGE INTEREST—ESTOPPEL.

A mortgagee instructed the local surveying agent of an insurance company to procure insurance upon his mortgage interest. The agent, without his knowledge, forwarded to the company an application signed by the owner, at the same time notifying the company that the application was to secure a mortgagee, and was not signed by the applicant in person. The policy issued ran in the name of the owner, loss, if any, payable to the mortgagee, as his interest might appear. The company's agent delivered the policy to the mortgagee, and received from him the premium. A loss occurring, the company sent its adjuster to treat with the mortgagee, and a settlement was agreed upon. Immediately afterwards the company learned that the owner had, without obtaining its consent, deeded the property to his wife. The company, however, gave the mortgagee no notice that it proposed to forfeit the policy on account of the transfer, or for any other cause, but, on the contrary, required him to furnish further proofs, occasioning him additional expense. *Held,* in an action by the mortgagee, that the company was estopped to claim a forfeiture because of the conveyance, or for alleged want of privity between plaintiff and itself, even though the letter requesting further proofs contained a general statement that the company did not thereby waive any defenses that it might have to the payment of the loss.

2. SAME— ADJUSTMENT — DECLARATION—COMMON COUNTS—SPLITTING OF ACTIONS.

Where several buildings destroyed by fire were insured under a policy declaring the loss, if any, upon one of the buildings to be payable to a mortgagee, and the latter, having arrived at an adjustment with the company, which it afterwards repudiated, brings suit upon the policy, declaring also upon the common counts, a recovery of the amount agreed upon may be allowed, as against the objection that there can be no splitting of the cause of action upon the policy.

Error to Ionia; Davis, J.   Submitted October 6, 1898. Decided January 3, 1899.

*Assumpsit* by Joseph J. Granger against the Manchester Fire Assurance Company, of Manchester, England, on a policy of insurance. From a judgment for plaintiff, defendant brings error. Affirmed.

*William O. Webster*, for appellant.

*Fred H. Stowe* (*R. A. Hawley*, of counsel), for appellee.

MOORE, J. This case was brought to recover an amount due for insurance. It was heard before the circuit judge without a jury. From the judgment rendered in favor of plaintiff, defendant appeals, alleging by way of defense as follows:

1. There is no privity of action between the plaintiff and the defendant.

2. Plaintiff had only a derivative right in the policy; whatever would defeat the right of Post, the principal, must, of necessity, defeat any right of the plaintiff, under whom he claims.

3. Plaintiff is conclusively presumed to know the terms of the contract upon which he brought his action, and whether, as a matter of fact, he knew them or not, "cannot enlarge the liability which is imposed upon the defendant."

4. The policy became absolutely void after it was issued, by the conveyance of the subject of the insurance by Post, the insured, to his wife, without the consent of the company.

5. There was no waiver of the forfeiture by the defendant or its agents, after knowledge of the facts constituting the forfeiture.

6. There can be no splitting up of causes of action on a single policy, as plaintiff had only a partial interest in the premises insured, viz., in only one of the three buildings insured.

There is some conflict in the testimony, but it is shown by the record substantially as follows: In 1892, Joseph Post and wife gave a mortgage upon real estate at Clarksville, for $600, to the plaintiff, and agreed to keep the buildings on the property insured for the benefit of the mortgagee. The insurance was kept up by Mr. Post until

February, 1894. The plaintiff was then notified by the local surveying agent of the defendant that Mr. Post was not able longer to pay the premium, and would not continue the insurance. The plaintiff then instructed the agent to write him a policy for $600 upon his mortgage interest in the property. The agent testified he knew of no other way to effect this insurance except to take the application of Mr. Post, signed by him, and forward it to the company. The agent sent with the application a report containing, among other things, the following:

"*Q.* Is the application signed by the applicant in person?

"*A.* No.

"*Q.* If this property has not been recently insured, what induces this application?

"*A.* Policy expired February 12th; this application to secure mortgagee."

Upon receipt of the application and report, the company issued a policy in the name of Mr. Post, insuring a two-story building for $500,—loss, if any, thereon, payable to J. Granger, as his interest may appear,—and also insuring a barn in the sum of $75, and a shed in the sum of $25. This policy was delivered to the plaintiff by the agent of defendant, who assured him it was all right, and at the same time the plaintiff paid the premium to the agent. The plaintiff did not know until after the fire that an application had been procured from Mr. Post by the agent, or that the policy was in his name, or that the entire insurance for which he had paid was not payable to him. In May, 1894, Mr. Post gave his wife a quit-claim deed of the property. This was not known to plaintiff until after the fire.

In October, 1894, the two-story building and the shed were burned. The barn was not burned. The company was notified of the loss, and sent Mr. Witherbee, who had full authority to adjust losses and make settlements in Michigan, to investigate the loss. Mr. Witherbee notified the plaintiff, who lived at Saranac, to meet him

at Clarksville, November 12th. Mr. Granger was there, but the adjuster missed the train, and did not arrive at Clarksville until the next day. Mr. Rawson, a contractor and builder living at Grand Rapids, was present on the 12th by the request of the defendant. On the 13th of November, Mr. Witherbee visited Clarksville, and made such inquiries as he desired, and then returned to Grand Rapids. He had a conversation with Mr. Post about the property and the loss. He then called up the plaintiff by telephone, and had a conversation with him. The testimony as to this conversation is very contradictory. The circuit judge found that, after learning from Mr. Granger the amount of his claim, Mr. Witherbee promised, upon the part of the company, its payment within 60 days; and we think that finding is fully sustained by the testimony. It is claimed that, when this conversation occurred, the adjuster did not know Mr. Post had deeded his property to his wife. The record shows beyond any controversy that Mr. Post informed Mr. Witherbee of the conveyance during the interview at Grand Rapids, and it could not have been more than a few minutes after the adjuster had talked with Mr. Granger. No intimation was made to Mr. Granger, after this information was imparted to the adjuster, that the company regarded the conveyance as a forfeiture of the policy. The loss was not paid within the 60 days, and Mr. Granger had Mr. Johnson, the local agent of the defendant at Saranac, write the company. In reply to this letter, the company, through its general attorney, wrote the plaintiff that the proofs of loss were defective, and indicated the defects, and asked that certain questions be answered and further proofs be given. There was a general statement in this letter that the company did not, by asking additional proofs, waive any defenses it had; but there was no suggestion that the company intended to claim a forfeiture because Mr. Post had deeded the property to his wife before the loss, or that there were no contract relations between the parties, or that Mr. Granger had no

claim against the company which he could enforce because part of the property burned was not insured for the benefit of Mr. Granger.   Further proofs of loss were furnished, the claim was not paid, and this suit was brought.

Upon the trial it appeared that Mr. Post never claimed any interest in the insurance money, but expressly disclaimed having any interest in it.   The judge found, from the facts stated, that the defendant should be deemed to have waived any special matter of defense, and is estopped from making it at this trial.

Counsel for defendant has presented 80 assignments of error, and has argued them ably and at length.   The pivotal questions in the case have been before this court so recently that we do not deem it necessary to enter upon a lengthy discussion of them.   The plaintiff undertook to get insurance for his own benefit, and paid for it.   The company, until after suit was brought, always treated him as the party interested in the insurance.   When it proposed to adjust the loss, he was notified to be present. The settlement was agreed upon with him.   Additional proofs were required of him.   After it knew the nature of his claim and the conveyance of the property insured by Mr. Post to his wife, it did not treat the policy as forfeited, or insist there were no contract relations between it and the plaintiff, but saw fit to ask further proofs, which involved an expenditure of time and money on the part of Mr. Granger.   If the company intended to insist upon these defenses, it was its duty, after it had learned the facts, to so inform Mr. Granger, instead of remaining silent and asking for further proofs.   The case is governed by *Hopkins Manfg. Co.* v. *Insurance Co.*, 48 Mich. 148; *Marthinson* v. *Insurance Co.*, 64 Mich. 372; *Burnham* v. *Interstate Casualty Co.*, 117 Mich. 142, and the cases therein cited.

As to the claim that there can be no splitting up of causes of action, and that there can be no recovery on the policy in this suit for that reason, it is sufficient to say the declaration, in addition to declaring upon the policy, con-

tains all the common counts. As already stated, the adjuster of the company, who was authorized to adjust the loss, agreed with the plaintiff that his loss was $490, and that it should be paid within 60 days. In view of this agreement and the pleadings, we think the plaintiff was entitled to recover in this proceeding, even though he could not recover upon the policy itself.

Judgment is affirmed.

The other Justices concurred.