POWER *v.* MONITOR INSURANCE CO.

FIRE INSURANCE—EXISTING POLICY—NOTICE TO AGENT.

Plaintiff, before making his application for insurance in defendant company, informed defendant's agent that he had a policy in another company, which would not insure vacant property, and that, as the premises were about to become vacant, he desired insurance with defendant. On the day the application was taken, the policy was produced and handed to the agent, with the remark that it was not all used up, but "would be no good when the premises became vacant." Whether or not the agent read the policy was not clearly established. The policy contained the usual 10-day vacancy clause, but did not, by its terms, expire until two years from the time the new insurance was effected. *Held,* that defendant should be deemed to have had notice of the prior insurance. GRANT, C. J., dissenting.

Error to Oakland; Smith, J. Submitted February 8, 1899. Decided September 27, 1899.

*Assumpsit* by Franz Power against the Monitor Insurance Company on a policy of insurance. From a judgment for plaintiff, defendant brings error. Affirmed.

*A. & S. H. Perry,* for appellant.

*C. C. Yerkes* and *Samuel W. Smith* (*Davis & Bromley,* of counsel), for appellee.

The defendant is a farmers' mutual insurance company, doing business in the county of Oakland. On March 30, 1896, plaintiff made an application for insurance on buildings situated upon a farm owned by him, but then occupied by a tenant. In this application, in reply to questions, he stated that the real estate, without buildings, was worth $3,000, and that there was no other insurance. One West was the agent for the defendant in the township where

plaintiff lived, and examined the property, took the application, and forwarded it to the company, which issued the policy, to the amount of $1,225.   When Mr. West took the application, plaintiff stated to him that he had a policy in the Home Insurance Company.   He produced it and showed it to Mr. West, but did not open it.   He testified that he told him it was not all used up, "but it would be no good when the house becomes vacant, empty, and he says, 'That will be all right.'"   Mr. West did not read the policy, but acted upon the statement of plaintiff as to its contents.   Mr. West, who was plaintiff's witness, so testified.   That policy did not, by its terms, expire till March 15, 1898, but contained the usual clause of forfeiture if the premises remained vacant for 10 days without the assent of the insurer.

The fire occurred March 16, 1897.   Plaintiff furnished proofs of loss April 13, 1897.   On April 26, 1897, two of the directors and the secretary of the company, having been informed of the loss, went to plaintiff's house, and had a conversation with him in regard to it.   They had no authority to settle.   Under the by-laws, the directors were the only ones authorized to settle a loss.   The directors met on May 13, 1897.   Plaintiff was notified of the meeting and was present.   Offers of compromise were made, but failed.   No formal action refusing to pay appears to have been taken by the board of directors, and in November following plaintiff instituted this suit.   Four special defenses were set up in the plea.   The case was submitted to the jury upon the theory that defendant was estopped to insist upon the defense of double insurance.

Grant, C. J. (*after stating the facts; dissenting*). The conversation between plaintiff and Mr. West when he applied for a policy is the only evidence of waiver of the defense of double insurance.   There is no tangible evidence that any other officer of the company knew of the existence of the other policy until after this suit was commenced.   Defendant made no written statement to

plaintiff of its refusal to pay, or the grounds therefor. Plaintiff testified, under objection and exception, that the defendant had never notified him of the various defenses set up in the plea. Waiver or estoppel to set up defenses must be based not only upon knowledge of the existence of the defenses, but also must be made under such circumstances that the insured has the right to rely upon the estoppel, and has suffered injury in so doing. The mere fact that defendant failed to state to him the grounds of its defense creates no estoppel. This court, speaking through Chief Justice CAMPBELL, in *Security Ins. Co.* v. *Fay*, 22 Mich. 467 (7 Am. Rep. 670), said:

"The waiver that is spoken of in these cases is another term for an estoppel. It can never arise by implication alone, except from some conduct which induces action in reliance upon it to an extent that renders it a fraud to recede from what the party has been induced to expect."

If the insured has incurred expense at the invitation of the insurer, this is held to estop the insurer from setting up defenses which it might otherwise have. No such state of affairs exists in this case. Plaintiff was not prejudiced nor put to any expense on account of any representations made, or of the failure to inform him of any defenses which defendant had. The defendant, in issuing the policy, relied, and had the right to rely, upon this representation. It was not true. Another policy was in existence, and by its terms continued in full force for 10 days after the house became vacant, and for two years thereafter, unless the Home Insurance Company should see fit to defend upon the ground of subsequent insurance. The tenant was then packing up, with the view to move out. West was under no obligation to examine the policy. He had a perfect right to rely upon the statements made by plaintiff. It is not sufficient that the agent be put upon inquiry, or that he be placed in such a position that he might have ascertained the facts. *Sanders* v. *Cooper*, 115 N. Y. 279 (5 L. R. A. 638). The good faith of the plaintiff is also immaterial. West had the right to pre-

sume that plaintiff had read his contract, and correctly stated its contents.

Judgment should be reversed, and a new trial ordered.

MOORE, J.    I cannot accept the conclusion reached by the Chief Justice.    Proof was introduced on the part of the plaintiff tending to show that, three days before the defendant took the application, the plaintiff saw Mr. West, an agent authorized to receive applications for insurance in the defendant company, and informed him the plaintiff had an insurance of $1,000 in a stock company upon his dwelling; that his tenant was about to move out, and the building would become vacant; and that, as stock companies would not insure vacant property, he desired a policy in the defendant company.    Pursuant to an appointment made at this time, three days later the agent and the plaintiff met at the house, when the agent himself examined the building; making the measurements of its dimensions, and filling out the application, which was at that time taken.    The policy in the stock company was produced and handed to the agent, but it does not appear clearly that he opened and read it; but he certainly had knowledge of its existence and of its amount, and might readily have become familiar with its terms, if he had cared to do so.    Under these circumstances, I think the knowledge of the agent must be deemed to be the knowledge of the company.    *Russell* v. *Insurance Co.*, 80 Mich. 407, and the many cases there cited.

The building was burned March 16, 1897.    Proofs of loss were furnished in April of the same year.    Plaintiff offered testimony tending to show that on April 26, 1897, Mr. West, the agent of the company, informed Messrs. Carpenter and Hicks, officers of the company, of the existence of the policy in the stock company.    This claim was disputed by the company.    In May Mr. Power met the officers of the company for the purpose of arriving at some settlement, and it is his contention the officers at that time claimed, by way of defense, that Mr. Power

had burned the building; but no claim was made that the existence of the policy in the stock company was a defense. No settlement was reached, and plaintiff commenced this suit in November, 1897. After the commencement of the suit, defendant caused a plea to be entered, with a notice, by way of defense, that plaintiff had caused the property to be burned, and that the property was overvalued. Later an amendment to the plea was made, wherein it was insisted, by way of defense, that it was represented in the application there was no other insurance, when in fact there was a policy of $1,000 in the stock company. Defendant insists this defense was interposed as soon as the defendant knew of its existence. The question of waiver was a controverted one, and the trial judge submitted the question to the jury under a charge that was justified by the following authorities: *Pennsylvania Fire Ins. Co.* v. *Kittle,* 39 Mich. 51; *Richards* v. *Insurance Co.,* 60 Mich. 420; *Carpenter* v. *Insurance Co.,* 61 Mich. 635; *Marthinson* v. *Insurance Co.,* 64 Mich. 372; *Cleaver* v. *Insurance Co.,* 71 Mich. 414 (15 Am. St. Rep. 275); *Towle* v. *Insurance Co.,* 91 Mich. 219; *Smith* v. *Insurance Co.,* 107 Mich. 270 (30 L. R. A. 368); *Douville* v. *Insurance Co.,* 113 Mich. 158; *Miotke* v. *Insurance Co.,* Id. 166; *Soper* v. *Railroad Co.,* Id. 443; *Raymond* v. *Insurance Co.,* 114 Mich. 386; *Burnham* v. *Casualty Co.,* 117 Mich. 142; *Granger* v. *Assurance Co.,* 119 Mich. 177; *First Baptist Church* v. *Insurance Co.,* Id. 203.

I think the case was carefully and properly tried, and the judgment should be affirmed.

Montgomery and Long, JJ., concurred with Moore, J. Hooker, J., did not sit.