ROBERTS, etc., Respondent, v. MODERN WOODMEN OF AMERICA, Appellant.

St. Louis Court of Appeals, November 5, 1908.

1. **INSURANCE: Practice: Limitation: Contract Limiting Time for Action.** Under section 899, Revised Statutes 1899, a stipulation in a policy of insurance that no action should be maintained upon the policy unless brought within one year from the time of the death of the insured is void and constituted no defense to an action on the policy, brought after the expiration of a year.

2. ———: ———: ———: ———: **Conflict of Laws.** Where an application for fraternal beneficiary insurance was made in the State of Illinois, and certificate issued there, it was an Illinois contract and its provisions controlled by the laws of that State. In an action on such certificate of insurance, it was error to strike out an answer alleging that the policy was an Illinois contract and that under the law of Illinois the cause of action was barred because not brought within a year according to the stipulation in the contract of insurance.

Appeal from Monroe Circuit Court.—*Hon. David H. Eby,* Judge.

REVERSED AND REMANDED.

*Benj. D. Smith* and *Tunnell & Hart* for appellant.

The trial court should not have sustained respondent's motion to strike out part of the answer of the appellant setting up the defense of limitation of one year for bringing suit and pleading that this was an Illinois contract and that the limitation was good under the laws of Illinois. This contract having been made in the State of Illinois and this clause being a valid contract under the laws of that State, is a valid defense in Missouri. Roach v. Type Foundry, 21 Mo. App. 118. A contract of insurance is to be construed according to the law of the State where the same became a completed contract, that is, the State where the policy or benefit

certificate was delivered and became effective. Cravens v. Insurance Co., 148 Mo. 600; Horton v. Insurance Co., 151 Mo. 620; Pietri v. Sequenot, 96 Mo. App. 265. The provisions of this benefit certificate limiting the time for the commencement of an action on the benefit certificate to one year after death is valid under the laws of the State of Illinois. Insurance Co. v. Whitehill, 25 Ill. 456; Life Association v. Treat, 98 Ill. App. 59.

*James H. Whitecotton* and *W. W. Barnes* for respondent.

BLAND, P. J.—The defendant is a fraternal beneficiary association, incorporated under the laws of the State of Illinois, and is authorized to do business as a fraternal beneficiary association in the State of Missouri. Its chief business office is at Rock Island, in the State of Illinois. On February 23, 1894, defendant issued and delivered to William White, then residing in the State of Illinois, and described as a member of Burnside Camp, No. 2163, its certificate of insurance, insuring the life of said White in a sum not to exceed $2,000, payable on his death to Mathilda White, the wife of the insured. White subsequently withdrew from Burnside Camp, No. 2163, and became a member of Tulip Camp, No. 4791, located in Monroe county, Missouri, to which county he had removed with his family. On March 4, 1904, White was accidently killed. Timely notice of his death was given defendant and proper proofs of loss were furnished, but defendant denied liability on the certificate of insurance, for the reason White had failed to pay an assessment, and refused to pay the loss.

The action is on the certificate, brought by the beneficiary (who, since the death of her former husband White, has intermarried with J. T. Roberts), to recover the sum of $2,000, with legal interest. The action was commenced in the Monroe Circuit Court July 22, 1905,

more than a year after the death of the insured. On December 18, 1906, an amended petition was filed, stating facts sufficient to entitle plaintiff to recover. On the same day defendant filed its answer in which several affirmative defenses were set up. The third of these defenses alleges that the by-laws of the association provide that "no action shall or can be maintained on this certificate unless brought within one year from the date of the death of said neighbor," and that the certificate sued on contained said provision, and alleges that the suit was not commenced within one year from the date of the death of White, the insured, "wherefore under the terms of the benefit certificate the said action can and shall not be maintained." The fourth affirmative defense is like the third, and in addition thereto pleads, in substance, that the contract of insurance is an Illinois contract; that the by-law and stipulation in the certificate of insurance (that no action shall or can be maintained on the certificate unless brought within one year from the date of the death of a neighbor) is valid under the laws of the state of Illinois, and that plaintiff's cause of action is barred for the reason it was not brought within one year from the date White died. On plaintiff's motion, filed on the nineteenth of December, 1906, both these affirmative defenses were stricken out, to which action defendant duly saved an exception. On the same date a trial to a jury resulted in a verdict and judgment for Mrs. Roberts, from which the association appealed and within the time allowed by the court filed its bill of exceptions.

1.    Section 899, Revised Statutes 1899, makes void all parts of a contract or agreement limiting the time in which an action may be instituted, and the court properly sustained the motion to strike out the third affirmative defense set up in the answer.    [Karnes v. Insurance Co., 144 Mo. 412, 46 S. W. 166; Brower v. Supreme

Lodge Nat. Reserve Assn., 74 Mo. App. 490; Richardson v. Railroad, 149 Mo. 311, 50 S. W. 782.]

2. Defendant and White, the insured, were both residents of the State of Illinois at the time the application for insurance was made and the certificate issued and delivered, hence the contract is an Illinois contract (Cravens v. Insurance Co., 148 Mo. l. c. 600, 50 S. W. 519, and cases cited) and is governed by the laws of that State. [Horton v. Insurance Co., 151 Mo. l. c. 616, 52 S. W. 356; Pietri v. Seguenot, 96 Mo. App. l. c. 265, 69 S. W. 1055, and cases cited.] In Keim v. Insurance Co., 42 Mo. l. c. 42, it is said: "But one of the conditions annexed to the policy declared, as before stated, and all claims should be forfeited under it if suit was not brought to the next term of the court in St. Louis county, unless such court should be held within sixty days after the refusal of the party to pay, and then to the next court thereafter. It is agreed by the parties that the first term of the court before which the case might have been adjudicated was held more than sixty days after the defendants gave notice to the plaintiffs of refusal to pay the demand, and that no suit was brought. Conditions of this kind have been frequently introduced by insurance companies into their policies, and have been almost universally sustained." In Dolan v. Royal Neighbors of America, 100 S. W. l. c. 500, discussing a stipulation in an insurance policy limiting the time in which suit might be brought after the loss, this court, NORTONI, J., writing the opinion, said: "In the absence of a statute to the contrary, they are universally approved and upheld by the courts of the country," citing many authorities. We conclude that under its fourth special defense, defendant was entitled to show in bar of the action that the stipulation in the certificate of insurance, to the effect that no suit can be maintained unless brought within one year from the death of the insured, is valid under the laws of Illinois, where the contract

was made, and hence the court erred in striking out this special defense. In this view of the case we deem it unnecessary to discuss other assignments of error, as the errors complained of will not intervene on a retrial of the cause.

Judgment reversed and cause remanded.