V. E. OEHLER, Trustee, Respondent, v. GERMAN AMERICAN INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, September 30, 1911.

1. **FIRE INSURANCE: Action on Policy: Sufficiency of Evidence.** In an action on a fire insurance policy, defended on the ground insured had been guilty of fraud in removing a part of the insured goods from his store before the fire, a verdict for plaintiff *held* sustained by the evidence.

2. ———: ———: **Defense of Fraud: Burden of Proof.** In an action on a fire insurance policy, the burden of proving a defense that insured had been guilty of fraud in removing a part of the goods insured from his store before the fire rests on the defendant.

3. ———: ———: ———: ———: **Instructions: Comment.** Where, in an action on a fire insurance policy, defendant's answer pleaded three separate defenses, all predicated on an allegation that goods were removed from the insured store prior to the fire, so that, if no goods were removed, all the defenses failed, an instruction that the burden of proving that the goods were so removed was on the defendant, and that, unless the jury believed such charge had been established by a preponderance of the evidence, they should not find for the defendant on such issue, was not objectionable as unduly commenting on one feature of the case.

4. **INSTRUCTIONS: Non-direction.** The law does not compel a litigant to make requests for instructions.

Appeal from Lincoln Circuit Court.—*Hon. James D. Barnett,* Judge.

AFFIRMED.

*O'Neill Ryan* and *R. L. Sutton* for appellant; *Ryan & Thompson* of counsel.

The court erred in giving the instruction asked by plaintiff, because: (a) It singles out one of several defenses (all being supported by proof), ignored all the other defenses, and told the jury that unless the

defendant had sustained that single defense they could not find for it on that issue. Rudd v. Fire Ins. Co., 120 Mo. App. 1; Imboden v. Trust Co., 111 Mo. App. 220; Ormsby v. Ins. Co., 98 Mo. App. 371; Swink v. Anthony, 96 Mo. App. 420; Halladay, etc., Co. v. Moss Tie Co., 87 Mo. App. 167. (b) It was misleading and well calculated to have the effect on the jury of making them disregard the other defenses and find a verdict for plaintiff if the special defense mentioned in the instruction was not sustained to their satisfaction. Sapp v. Hunter, 134 Mo. App. 685; Harrison v. Franklin, 126 Mo. App. 366; Trustees, etc., v. Hoffman, 95 Mo. App. 488.

*R. H. Norton, Avery, Dudley, Young & Killam, Barclay, Fauntleroy & Cullen* for respondent.

(1) No "fraud" or "false swearing" is pleaded. Allegations that Burton and Caraway "conspired to defraud" and that Caraway "falsely swore" amount to no pleading at all unless followed by specific allegations, and no specific allegations appear here. Dorman v. Hall, 124 Mo. App. 9. (2) However strong the proof of fraud or false swearing might have been, it would avail the defendant nothing, for proof without allegations is as futile as are allegations without proof. Laclede Co. v. Tudor Wks., 169 Mo. 154; Cole v. Armour, 154 Mo. 350.

NORTONI, J.—This is a suit on a policy of fire insurance. Plaintiff recovered and defendant prosecutes the appeal. The policy sued upon is in the amount of $1000 on a stock of merchandise owned by M. B. Caraway, the insured, who conducted a general store at Brookeland, Texas. The stock insured consisted of general merchandise valued at about $9000 and it was totally consumed by fire October 19, 1906. After the fire, defendant's adjuster, Slaton, visited Brookeland, made an investigation, took proof of loss,

and promised defendant would pay the same at the expiration of sixty days, in accord with the provisions of the policy to that effect. The proof of loss was duly transmitted to defendant by Slaton and retained by it, but defendant finally refused payment asserting that Caraway, the insured, had conspired with one Burton,. a merchant at Carthage, Texas, to defraud it and other insurance companies by removing large quantities of goods from his store to that. of Burton prior to the fire and thus sought to collect insurance on goods not destroyed. After the proof of loss was made, Caraway assigned the policy to plaintiff as trustee for his creditors and the suit is prosecuted by him for their benefit.

The facts touching the loss and the matter of removing goods from the store of Caraway to that of Burton are about the same as those set forth in connection with the opinion in Oehler, Trustee, v. Phoenix Insurance Company, decided today, and reference is made to that case for a more complete statement thereof. Though there is some additional evidence for defendant in the present record on this question, its principal witness, Mills, is more successfully contradicted and impeached here than there. Among other things in evidence in aid of plaintiff's case here, is a written statement sworn to by Mills in which he contradicts his story given from the witness stand at the trial. There is an abundance of evidence in the record pro and con on the matter of removing goods from the store. and we are not prepared to say the verdict appears to be the result of passion and prejudice. On this question, we rule the same as in Oehler v. Phoenix Insurance Company, post.

The answer sets forth three affirmative defenses: First, a conspiracy between Caraway and Burton to cheat and defraud defendant by removing a large quantity of the goods insured from Caraway's store to that of Burton prior to the fire, etc.; second, the

failure of Caraway, the insured, to keep a true and correct set of books and inventory, in that they failed to disclose goods removed from Caraway's store to that of Burton; third, that Caraway, the insured, falsely swore the loss amounted to $8855.37, and that the fire did not originate from any act, design, or procurement on his part, when the loss was, in fact, much less than the insurance for the reason Caraway had caused the greater portion of his stock to be removed to Burton's store prior to the fire. All of these special defenses were submitted to the jury by instructions requested by it and the only argument put forward with respect to instructions is leveled against the one given for plaintiff. But one instruction was given for plaintiff and that is as follows:

"The defendant charges Caraway with having conspired with George Burton to remove goods and merchandise from Caraway's store in Brookeland and with actually having removed from the Brookeland store such goods and merchandise and that this was done by Caraway with the purpose to cheat and swindle the defendant insurance company. The burden of proving these charges of fraud is on the defendant. And unless you believe that such charge has been established to your satisfaction by a preponderance of the evidence in this case, you can not find for the defendant upon such issue."

It is argued this instruction singles out and unduly comments on one feature of the case to the exclusion of others in that it authorizes the jury to find for plaintiff on "such issue" of removing goods from the store unless defendant had sustained the burden of proof. We are not impressed with this argument in the least for the instruction is certainly a sound declaration of the law touching the burden of proof. Though the answer set forth three separate defenses, in the final analysis they all revert to and predicate upon the allegation that goods were removed from Caraway's store

to that of Burton. If no goods were thus removed, then all of defendant's special defenses failed and it was entirely proper to thus declare the law touching the burden of proof with respect to the gravamen of the whole matter. We do not regard the instruction as unduly commenting on one feature of the case, for the "feature of the case" touched upon here is the gravamen of the whole. Besides, plaintiff is not to be condemned because he failed to request other instructions, for the law does not intend to compel a litigant to make such requests unless he chooses to do so. [See Sowders v. St. Louis & S. F. R. Co., 127 Mo. App. 119, 104 S. W. 1122.]

We have examined all of the arguments advanced but see no reversible error in the record. The other arguments put forward for reversal are fully answered in respondent's brief and they do not merit discussion in the opinion.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.