BY THE

## ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

## OCTOBER TERM, 1916.

---

IDA J. SHEARLOCK, Appellant, v. THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Respondent.

**Springfield Court of Appeals, January 28, 1916.**

1. **LIFE INSURANCE: Action on Policy:, Limitations.** Action on life insurance policy. Insured, plaintiff's husband died in 1897. Suit on policy was commenced in 1915. The cause of action is barred, absent waiver or estoppel of company precluding such defense.

2. **———: ———: Defenses: Special: Waiver.** Action on an insurance policy, the defense being the Statute of Limitations and failure to submit proof of death within ninety days as required by section 5985, R. S. 1897. Both defenses are affirmative and special and in the nature of personal privileges. They do not go to extinguish the cause of action but to bar the remedy merely and may be waived.

3. **———: ———: ———: Forfeitures.** Such defenses are "forfeitures," the plaintiff forfeiting his cause of action and the insurance law does not favor them.

4. **———: ———: Limitations: Policy Provisions: Statutory Provisions.** A life insurance policy cannot limit the time of bringing suit to a less period than that fixed by statute. [Sec. 2780, R. S. 1909.]

193 App. (430)

5. ————: ————: **Defenses: Waiver: Applies to What.** While the doctrine of waiver in insurance law is applied more frequently to furnishing timely proofs of loss or a violation of some warranty or stipulation in the policy, yet it is also applicable to bringing suit within a given time, whether fixed by statute or by the policy.

6. ————: ————: **Waiving Defenses.** In an action on a life insurance policy where defendant company demanded and received proof of death after the time therefor had expired, it waived the limitation of suit.

7. ————: ————: **Waivers: Estoppel.** There may be a waiver of limitations after as well as before the time limit has expired. But the element of estoppel must be present where it is made after such expiration.

8. ————: ————: **Defenses: Limitations.** An insurance company is estopped from setting up as a defense the expiration of time for making proof of death where such company has encouraged or induced the plaintiff to go to substantial expense in furnishing such proofs.

9. ————: ————: **Estoppel: Waiver.** Action on an insurance policy the defense being the Statute of Limitations. The insured died in 1897, no notification being made to the defendant company until 1914, when the claim was presented. After exchanging several letters, defendant company required plaintiff to make proof of loss on blank forms which the company sent plaintiff. The company is estopped to assert that the time for such proofs had expired and it cannot escape such estoppel by saying that it did not compel plaintiff to fill out such blanks, since plaintiff's claim would have been abandoned had she failed to file such proofs.

10. ————: **Defenses: Waiver: Estoppel.** Action on life insurance policy. Claim for the loss of her husband was not made by plaintiff until seventeen years had elapsed after husband's death. When claim was presented to defendant company it, with full knowledge that the claim was barred, demanded that proofs of loss be submitted, stating generally in the letter which contained such demand that the company waived no defense which it had. No specific reference to any particular defense was made and defendant was estopped to assert the defenses of the Statute of Limitation or of failure to file proofs of loss in time.

11. ————: ————: **Waiver: When Need Not be Pleaded.** Action on life insurance policy. The case was tried on an agreed statement of facts, which showed a waiver of the defense of a delay in making proofs of loss and of Statute of Limitations. The fact that plaintiff failed to plead such waiver would not defeat her action.

Appeal from Phelps County Circuit Court.—*Hon. L. B. Woodside,* Judge

REVERSED AND REMANDED (with directions).

*Lorts & Bruer* and *James J. O'Donohoe* for appellant.

*Fordyce, Holliday & White* and *Frank H. Farris* for respondent.

STURGIS, J.—This suit is on a fifteen payment policy on the life of plaintiff's husband. But one point is made as to the pleadings, and that will be noted later. The case was submitted to the court on an agreed statement of facts. The facts necessary to be considered are that the policy was issued on July 15, 1886, to plaintiff's husband, and is a Missouri contract under the ruling of Craven v. Insurance Co., 148 Mo. 583, 50 S. W. 519; that the insured paid the premiums due in quarterly installments to April 15, 1894, seven and three-fourths years; that default in payment of premium was then made and none paid thereafter; that the insured died August 18, 1897; that under the laws of this State in force when this policy was issued, section 5983, Revised Statutes 1879, the policy was not forfeited by the nonpayment of premium, but the amount of premium paid on the policy was sufficient to and did keep the policy in force for the full amount under the rule of commutation there specified for a term of temporary insurance extending beyond the death of the insured, and by the terms of section 5985, Revised Statutes 1879, the insured having died within the time of temporary insurance, the defendant became bound to pay the amount of said policy, unless there be something shown to defeat such liability.

Only two defenses are made to the defendant's otherwise conceded liability. They are: (1) The

Statute of Limitations of ten years; and (2) that no proofs of death of the insured were submitted to defendant within ninety days of his death as required by section 5985, Revised Statutes 1879.

As to the first defense, we have no doubt but that plaintiff's cause of action accrued to her on the death of her husband, plus, at most, a reasonable time within which to make proof of his death. Such is the ruling in Kauz v. Great Council, 13 Mo. App. 341, 344. In 25 Cyc. 1198, the law is stated to be: "Where plaintiff's right of action depends upon some act to be performed by him preliminary to commencing suit and he is under no restraint or disability in the performance of such act, he cannot suspend indefinitely the running of the Statute of Limitations by delaying the performance of the preliminary act; if the time for such performance is not definitely fixed, a reasonable time, but that only, will be allowed. The rule that where the right of action depends upon a preliminary step to be taken by plaintiff he cannot indefinitely delay the taking thereof, rests upon the principle that plaintiff has it in his power at all times to do the act which fixes his right of action." [See Boyd v. Buchanan, 176 Mo. App. 56, 60, 162 S. W. 1065.] It is clear, therefore, that as the insured died in 1897 and this suit was commenced in 1915 the plaintiff's cause of action is barred, unless defendant has waived or estopped itself from availing itself of this defense, of which we will speak later.

It is likewise conceded that no proofs of loss were submitted to the defendant within ninety days of the insured's death, and in fact not until shortly before this suit was commenced, more than seventeen years after the death of the insured. It is argued here, in able briefs of counsel both for and against the proposition, that section 5983, Revised Statutes 1879, forbids any forfeiture of the policy for nonpayment of premium in case two annual premiums have been paid,

as here, regardless of any proof of loss being made, and that even section 5985 does not contain any words of forfeiture for not furnishing proofs of death, and that the law, which abhors forfeitures, will not supply the same. We think, however, that this question is not necessary for decision here, as the same or stronger grounds are presented for claiming a waiver of this defense than of the Statute of Limitations. In other words, if defendant waived the defense of the Statute of Limitations, it also waived this defense of failure to furnish timely proofs of death; and if it did not waive the defense of the Statute of Limitations, then defendant does not need any other defense.

This brings us to the all-important question of waiver. The facts on which a waiver of both the defenses mentioned is predicate are briefly thus; No suggestion of any claim on this policy was made until by letter, July 5, 1914, the plaintiff informed the defendant that her husband died August 18, 1897 and asked the status of this policy. To this defendant replied, July 11, 1914, that its record showed that the policy on her husband's life was forfeited in accordance with its terms for the nonpayment of the premium due in 1894 and has no value. The plaintiff then wrote to defendant, with the assistance of a friend, stating that her husband had died within three years after default in payment of premium and that the insured had paid about eight annual premiums on the policy. To this defendant replied that it could not recognize any claim under the policy because the contract was issued in 1886 when policies of the company provided for forfeiture of the same in case the laws of the respective States were not fully complied with; that under the laws of New York when three annual payments had been paid, the policy had a surrender value in paid-up insurance if applied for within six months, but that none had been applied for and consequently the policy was forfeited in 1894 and has no value; that in case

such conditions were not complied with, it was the custom of the company in 1894 to forfeit the policy and carry any profit thereon to the general profits of that year. To this letter the plaintiff replied, calling specific attention to sections 5983 and 5985, Revised Statutes 1879; that under the rule provided by these statutes, the premiums paid were sufficient to purchase temporary insurance carrying the policy beyond the death of the insured; that under the ruling in Cravens v. Insurance Co., 148 Mo. 583, the policy was governed by the laws of Missouri and not those of New York; that the custom of the company or any policy provision could not override the laws of Missouri (Price v. Insurance Co., 48 Mo. App. 281); that such being the facts, the company ought to pay this policy. To this letter the company, by its general solicitor, replied: "Your letter of the 23rd inst. to Associate Actuary Hall has been referred to this department for attention. For the purpose of bringing the matter before the company's committee on Mortuary Claims I enclose a blank form of proof of death, which, if properly executed and returned to me, I will submit to the committee for its action. It must be distinctly understood, however, that the company by furnishing these blanks does not waive any legal defenses that may exist in its favor, the blanks being furnished merely to facilitate the orderly consideration of the claim. The blanks are sent on the assumption that Mr. Shearlock's death occurred in 1896 or 1897." Proofs of death were duly made on the blanks enclosed and forwarded to the company. It is agreed that plaintiff expended $21.50 in making up such proofs of death. Thereupon the defendant, by its general solicitor, wrote a letter acknowledging receipt of the proofs of death, and stated that the company declined to make any payment; that the policy is null and void, as no claim was made for either *term* or *paid-up* insurance within the time required by the Missouri statutes, nor was any claim made within

the time required by the New York statutes; that the policy has long ceased to be a contract under both the laws of Missouri and of New York, and the Statutes of Limitations of both States has run against any action in the matter.

We think there is no doubt that both the defenses here interposed are affirmative and special and in the nature of personal privileges. The law allows them to a defendant if he chooses to insist upon same in the proper way and at the proper time, but they are not matters going to extinguish the cause of action, but merely to bar the remedy, and being for defendant's benefit, may be waived by it. Such defenses are generally termed forfeitures; that is, the plaintiff forfeits his cause of action (or as defendant claims does not bring it into being) by failure to furnish proofs of loss or to bring his suit within a certain time. Forfeitures are not favorites of the law, and especially of the insurance law. In Keys v. Knights & Ladies of Security, 174 Mo. App. 671, 680, 161 S. W. 345, the court said: "Slight evidence, indicating an intention to waive, will be sufficient to prevent a forfeiture from taking effect and thereby defeating valuable rights. [Francis v. A. O. U. W., 150 Mo. App. 347, l. c. 356.] A waiver of forfeiture may be inferred when the insurer, after knowledge of the act of forfeiture requires the assured, by virtue of the requirements in the policy, to do some act or incur some expense." The leading case on this subject seems, from its frequent citations in so many jurisdictions, to be Titus v. Insurance Co., 81 N. Y. 410, where the court stated the law thus: "But it may be asserted broadly that if, in any negotiations or transactions with the insured, after knowledge of the forfeiture, it recognizes the continued validity of the policy, or does acts based thereon, or requires the insured by virtue thereof to do some act or incur some trouble or expense, the forfeiture is as a matter of law waived; and it is now settled in

this court, after some difference of opinion, that such a waiver need not be based upon any new agreement or an estoppel.''

The doctrine is stated in 2 Bacon's Life Insurance (3 Ed.), section 435, as follows: "If the company after being notified of a loss, has knowledge of false answers in the application or of a breach of the conditions of the policy, and notwithstanding that fact, calls for proofs of loss; or if, after receiving proofs, with knowledge of such false answers, it asks for additional proofs, it thereby waives the right to rely on the breach of warranty or of the condition. The reason of the rule is obviously that the company should not be permitted by its conduct to cause insured to go to the expense of proofs of loss, when it knows it will be a useless act.'' This doctrine has received repeated recognition in this State, and has been applied to defenses far more vital than furnishing proofs of loss or bringing suit within a specified period. [Dolan v. Insurance Co., 88 Mo. App. 666; Keys v. Knights & Ladies of Security, 174 Mo. App. 671, 687, 161 S. W. 345; Bowen v. Insurance Co., 69 Mo. App. 272; Pace v. Insurance Co., 173 Mo. App. 485; 158 S. W. 892; Oehler v. Insurance Co., 159 Mo. App. 707, 708, 139 S. W. 1177.]

The doctrine of waiver is more frequently applied to furnishing timely proofs of loss or violation of some warranty or stipulation in the policy, but we can see no reason why it should not be applied to bringing suit within a given time, whether fixed by statute or by the policy itself. In fact, in this State, by reason of the statute and contrary to the general rule, the policy cannot limit the time of bringing suit differently from the general statute. [Section 278, R. S. 1909; Roberts v. Insurance Co., 133 Mo. App. 207, 209, 113 S. W. 726; 4 Cooley's Briefs on Insurance, 3964.] ''Conduct of the insurer after the expiration of the policy limitations, by which the insured or beneficiary

is induced to go to trouble or expense in the procuring of proofs of loss, etc., will amount to a waiver of the clause limiting the time within which an action may be commenced." [4 Cooley's Briefs on Insurance, 3993.] "Demanding and receiving proofs of deaths after the time has expired waives the limitation of suit." [May on Insurance, section 488; see, also, section 464.] That the Statute of Limitations may be waived is shown by the cases of Bridges v. Stephens, 132 Mo. 524, 34 S. W. 555 and Dry Goods Co. v. Goss, 65 Mo. App. 55. [Fulkerson v. Lyon, 64 Mo. App. 649, 653-4; Martin v. Modern Woodmen, 155 Mo. App. 468, 479.] "A statutory right or benefit given for its protection can be waived the same as any other right." [Chandler v. Ins. Co., 180 Mo. App. 394, 399, 147 S. W. 1162; McLeod v. Mutual Life Ins. Co., 190 Mo. App. 653, 659, 176 S. W. 234.]

It is well settled law that when one is called upon *in court* to assert his defenses, he must plead limitation, both as to bringing suit and furnishing proofs of loss, or he is held to have waived it, and we think the same rule works out of court also. [Keys v. Knights & Ladies of Security, 174 Mo. App. 671, 687 (commenting on Cannon v. Home Insurance Co., 53 Wis. 583), and page 690; 161 S. W. 345; see, also, Insurance Co. v. Evants, 25 Tex. Civ. App. 300, 61 S. W. 536.]

There is no doubt but that such waiver can take place after as well as before the time limit has expired, as will be seen by the authorities, supra, but we agree that in such case the facts constituting the waiver must then contain the element of estoppel. [Chandler v. Insurance Co., 180 Mo. App. 394, 400, 147 S. W. 1162; Boren v. Brotherhood, 145 M. App. 136, 129 S. W. 491; Cohn v. Insurance Co., 62 Mo. App. 271, 277; Bolen v. Fire Ins. Co., 58 Mo. App. 225, 231; Walker v. Knights of Maccabees, 177 Mo. App. 50, 53, 163 S. W. 274.] This last case considers the elements of waiver both before and after the time limit has ex-

pired. [Crenshaw v. Insurance Co., 63 Mo. App. 678, 681.] "But the facts need not be strong enough to create a technical estoppel." [2 Bacon on Life Insurance ( 3 Ed.), section 435, quoting from Hollis v. Insurance Co., 65 Iowa 454, and citing other cases.] All the cases agree, however, that where, as here, plaintiff is encouraged or induced to go to substantial expense in furnishing the proofs of loss or otherwise, such fact supplies the element of estoppel.

Nor will it do to say that the insurance company did not require the plaintiff to go to this expense, but left it to the plaintiff to do so or not as she pleased, where, as here, a failure to do so meant a complete abandonment of her claim. In such case, the amount of the expenditure is not material, unless it be so small as to be inconsequential, which is not true here. [Kidder v. K. T. & M. L. I. Co., 94 Wis. 538, 69 N. W. 364; Keys v. Knights & Ladies of Security, 174 Mo. App. 671, 161 S. W. 345, where the expense of appointing a guardian was $6.50.]

Applying these principles to the present case, we find that the first letter written to defendant by plaintiff informed it that the insured had died seventeen years previous, and asked as to the status of this policy. The defendant must be held to have known that no proofs of death had ever been furnished it and no suit had been brought, and the time for doing both was long since past. Defendant's reply made no mention of either defense now interposed, but said the policy was forfeited according to its terms (and such are its terms) by nonpayment of premium and had no value. This, of course, utterly ignored the Missouri statutes, sections 5983 and 5985 Revised Statutes 1879, which became a part of the policy. When reminded by plaintiff's next letter that the insured had paid nearly eight annual premiums and had died within three years of his default, the defendant again answered, saying nothing of the defenses now interposed, but replied that

the terms of the policy and the laws of New York provided for paid-up insurance if applied for in six months, but as none was applied for, the policy was forfeited and of no value; that in such case its *custom* was to carry the profits of the forfeited policy to the general profits. By plaintiff's next letter the defendant was specifically cited to the Missouri statutes, supra, as governing this policy instead of the laws of New York, and was again told that the insured had died within the time of the term of temporary insurance thereby provided, and that the defendant was clearly liable on this policy under the cases of Cravens v. Insurance Co., 148 Mo. 583 and Price v. Insurance Co., 48 Mo. App. 281—and so it is, as against each defense theretofore mentioned by the defendant. This letter was referred to the legal department of defendant and the letter written requesting proof of death, sending blanks for that purpose but stating that the company did not waive any legal defense, and adding that the blanks were sent on the assumption that the insured died in 1896 or 1897. Nothing was, so far, said as to either defense now interposed.

It seems to us that at this time and before plaintiff was called on to incur this expense, the defendant was put to its election to set up these defenses, then perfectly well known to it, and inform the plaintiff of its intention to rely thereon and that it was preserving the same (even if it could do so) or be held to have waived these defenses, just as it was afterwards required to do in court. The plaintiff may well have believed that no claim would be paid by defendant, however valid, unless passed on by its mortuary committee with the proof of death before it, and that unless there was some merit in the matters before mentioned relating to forfeiture of the policy for nonpayment of premium, then the defendant would allow the claim. Why should the company want proofs of death, if it intended to defend on the ground that

such had not been furnished? Why want such proof
to help out on the Statute of Limitations when the de-
fendant knew no suit had been brought and plaintiff
was asserting that the insured had died seventeen
years previous, and the blanks were being "sent on
the assumption, that Mr. Shearlock's death occurred
in 1896 or 1897?" Why lure plaintiff on to incur this
expense under the belief that she had or could over-
come the defenses made known to her when the de-
fendant intended, as it did do later, to spring these pre-
sent defenses, absolutely destructive of her claim,
irrespective of any proof of death? To hold that de-
fendant did so intend is to convict it of bad faith. If
it did not so intend, then when defendant once waived
these defenses, such waiver could not be recalled.
"It cannot be gainsaid that defendant by these acts
gave plaintiff to understand that the right to declare
a forfeiture would be waived, *that the claim would be
considered on its merits* and that plaintiff acted on this
assurance to his detriment." [Myers v. Casualty Co.,
123 Mo. App. 682, 688, 101 S. W. 124.]

In the absence of the statement in defendant's
letter accompanying the blanks for proof of death that
defendant did not thereby waive any legal defense that
may exist in its favor and that the blanks were merely
furnished to facilitate the orderly consideration of the
claim, there would be no question but that defendant
would be held to have waived these defenses. Should
these general words of reservation change this re-
sult? We think not. In Granger v. Fire Assurance
Co., 119 Mich. 177, 77 N. W. 693, the court was dealing
with the question of waiver of change of ownership
of the insured property in violation of the policy.
After the company had knowledge of this fact it called
on plaintiff for additional proof of loss, saying in a
letter accompanying the same that by doing so "it
did not waive any defense it had," but made no specific
reference to its intention to claim a forfeiture be-

cause of the change of ownership. The court said: "If the company intended to insist on these defenses, it was its duty, after it had learned the facts,. to so inform Mr. Granger, instead of remaining silent and asking for further proofs." This case is cited in Keys v. Knights & Ladies of Security, 174 Mo. App. 671, 688, 161 S. W. 345. In Mathison v. Insurance Co., 64 Mich. 372, 31 N. W. 291, 297, the court disposed of the question thus: "It is argued by defendant's counsel that the defendant saved its rights and waived none of its defenses under the application or policy by reason of the last clause of Cornell's first letter, to-wit: 'You will further take notice that, in returning said papers, and making objections thereto, and in all other matters herein, this company waives none of its rights and defenses under their said policy, but expressly reserve each and every one thereof unto itself;' which clause, in substance, was repeated in the other letters. We do not think this general reference to other possible defenses was sufficient. It devolved upon the defendant to specifically state its defenses, or some of them, if it had any other than those going to the defects in the proofs of loss. If the company had frankly stated that it refused to pay the alleged loss because of the breaches of warranty and forfeiture by the conditions of the policy, the knowledge of which it then possessed, the assured would have, in all probability, gone no further into cost and trouble to perfect such proofs of loss, as their refusal to pay on other grounds would have rendered it unnecessary. This loose and general reservation of their rights cannot be considered as an adequate notice of the defenses insisted upon at the trial, and it must be held that such defenses were waived by their conduct. [Mercantile Ins. Co. v. Holthaus, 43 Mich. 423.]" To the same effect are Corson v. Insurance Co., 113 Ia. 641, 85 N. W. 806; Home Ins. Co. v. Kennedy, 47 Neb. 138, 66 N. W. 278; Brock v. Des Moines Ins. Co., 106 Ia. 30, 75 N. W. 683; Keys

v. Knights & Ladies of Security, 174 Mo. App. 671, 690, 161 S. W. 345; Myers v. Casualty Co., 123 Mo. App. 682, 687, 688, 101 S. W. 124.]

It is suggested that the defense of waiver, to be available to plaintiff, should have been pleaded in her reply to defendant's answer setting up these defenses. It may be conceded that the rules of good pleading so require. However, this case was tried on an agreed statement of facts and the facts showing a waiver are agreed to. This should certainly be given an effect equally as favorable to plaintiff as if the case had been tried on the theory that such waiver was properly pleaded. In any event, it would be useless to reverse and remand this cause for the purpose of allowing the reply to be amended in this respect, and then have the case submitted on the same facts, with the certainty that the same result would be reached.

We hold, therefore, that the defenses interposed by defendant are not available to it on the agreed facts, and that cause is reversed and remanded with directions to enter judgment for the plaintiff.

*Farrington, J.* concurs. *Robertson, P. J.* concurs in the result.