BLAKE *v.* FARMERS' MUTUAL LIGHTNING PROTECTED FIRE INSURANCE CO. OF MICHIGAN.

1. INSURANCE — FALSE STATEMENTS IN APPLICATION — NOTICE TO AGENT—WAIVER.

Knowledge of the agent of an insurance company that the statement in an application for insurance that all of the chimneys were constructed of brick or cement was false must be regarded as the knowledge of the company, and cannot be made the basis of avoiding liability on the policy.[1]

2. SAME—PRINCIPAL AND AGENT.

An agent of an insurance company authorized to take applications for insurance, receive the premium, and receipt therefor, is the agent of the insurer and not of the insured.

3. SAME—MUTUAL INSURANCE COMPANIES—LIABILITY FOR AGENT'S ACTS.

There is no distinction between mutual and stock companies

[1]As to the effect of knowledge by insurer's agent of falsity of statements in application see note in 16 L. R. A. 33.

as to their responsibility for the acts of their agents in taking applications for insurance.

·4. SAME—KNOWLEDGE OF AGENT—FRAUD—ESTOPPEL.

Where it is conceded that the agent filled up the application with knowledge that the statement as to the chimneys was false, that the insured signed the application without reading it, and when the receipt was handed to him he called the agent's attention to the statement therein that all chimneys must be of brick or cement, and the agent replied that it was all right, it was safe, the company is estopped from avoiding liability on the ground of fraud.

5. SAME—ARBITRATION — ACTION — COMPLIANCE WITH BY-LAWS — ESTOPPEL.

Where the by-laws of a mutual fire insurance company provided that after being notified of a loss the company should notify insured to appear before the arbitration committee, and the company failed to do this, but instead wrote plaintiff a letter denying liability, it cannot avoid liability on the ground that insured should have resorted to arbitration.[1]

Error to Sanilac; Beach, J. Submitted June 13, 1916. (Docket No. 63.) Decided March 29, 1917.

Assumpsit by Ira Blake against the Farmers' Mutual Lightning Protected Fire Insurance Company of Michigan, Ltd., upon a policy of insurance. Judgment for plaintiff. Defendant brings error. Affirmed.

*Clarence A. Cameron* (*Farley & Selby*, of counsel), for appellant.

*C. F. Gates*, for appellee.

BIRD, J. Plaintiff recovered a judgment of $500 against defendant on a fire insurance policy by direction of the court, and defendant assigns error.

The conceded facts appear to be that in August,

[1]On the question of arbitration as condition precedent to action on insurance policy see notes in 15 L. R. A. (N. S.) 1055; 28 L. R. A. (N. S.) 104.

1910, plaintiff applied to one Sheldon, the local agent of defendant, for insurance on his farm dwelling and barn, situate in Sanilac county. The agent, being familiar with the premises, advised plaintiff that he could insure the barn, but not the house, because it was not provided with lightning rods. Sheldon, being also an agent for the sale of lightning rods, was engaged by plaintiff to rod the house. The day on which Sheldon finished rodding the house he filled up a blank application for insurance on the house and barn, and plaintiff signed it without reading it or having it read to him. At the same time he paid for the policy and was given a receipt, upon which he noticed it stated that chimneys should be of brick or cement. This led him to ask Sheldon about the chimney on his summer kitchen, which was provided with a Dutch chimney, that is, an iron smokestack, the lower part of which fitted on to the roof like a saddle. Sheldon replied that the chimney was all right, it was safe. Upwards of four years thereafter a fire occurred in the upright of the house, and the company refused to pay the loss. Its refusal was based upon the following question and answer in the application:

"*Q.* Are all buildings in which fires are built equipped with safe brick or cement chimneys, at least 4 inches in thickness?
"*A.* Yes."

—and upon section 9 of the policy, which prohibited the use of chimneys unless constructed of brick or cement. The defendant rested its case upon these propositions and the further one that plaintiff should have settled his differences with the company by arbitration instead of a suit at law, in compliance with section 5 of the by-laws.

The use of the Dutch chimney in the summer months after the policy was taken out appears to have been in violation of section 9 of the by-laws, and the repre-

sentation in the application with reference to the chimneys was untrue, at least in part, as the chimney on the summer kitchen was neither brick nor cement. On the main building, or upright, the chimney was of brick. It appears, without dispute, that Sheldon was a regularly appointed agent of the company, and that he was informed that the chimney on the summer kitchen was a Dutch chimney. This is shown by the fact that when attaching the lightning rods to the house he attached some portion thereof to the Dutch chimney, and by the further fact that when the statement on the receipt was called to his attention he replied that the chimney was all right; it was safe. It, therefore, appears that while the statement was untrue, the agent was fully informed that it was untrue, and his knowledge must be regarded as the knowledge of the company. *Power* v. *Insurance Co.,* 121 Mich. 364 (80 N. W. 111); *Steele* v. *Insurance Co.,* 93 Mich. 81 (53 N. W. 514, 18 L. R. A. 85).

But it is argued that Sheldon was merely a soliciting agent, and had no authority to issue policies, and therefore his knowledge was not the knowledge of the company. The record shows that Sheldon was appointed the local agent of the company, with power to represent it in taking applications for insurance; that he did take them, and received the premium and receipted therefor. Under such authority the agent is generally held to be the agent of the insurer and not of the assured. 19 Cyc. p. 826, and cases. *Steele* v. *Insurance Co., supra.*

The further point is made that this rule does not apply to mutual insurance companies. The case of *Russell* v. *Insurance Co.,* 80 Mich. 407 (45 N. W. 356), disposes of this argument adversely to defendant's contention, where it is said:

"It seems to be settled by the weight of authority that there is no distinction between mutual and stock companies as to their responsibility for the acts of

their agents in taking applications for insurance; and, upon principle, there is no good reason why there should be any. The assured does not become a member of the mutual company until he receives his policy, and there is generally no acquaintance upon his part with the charter or by-laws of the corporation when he makes his application. * * * Therefore, if there is no limitation of the agent's authority brought home to the assured, the agent receiving the application must be considered the agent of the insurer, and not of the assured, and his acts will be held the acts of the company, and his knowledge the knowledge of the company."

There being no contradiction of plaintiff's testimony in regard to what took place at the time the application was made, we must conclude that Sheldon, the agent, was fully informed of the misrepresentation in the application, and that his knowledge was the knowledge of the company, and that the company is now estopped from avoiding payment on the ground of fraud. *Russell* v. *Insurance Co., supra; Gristock* v. *Insurance Co.,* 84 Mich. 161 (47 N. W. 549) ; *Power* v. *Insurance Co., supra; Simpson* v. *Insurance Co.,* 184 Mich. 547 (151 N. W. 610) ; *Simmons* v. *Insurance Co.,* 187 Mich. 551 (153 N. W. 696).

The cases counsel rely upon to support their contention are cases where misstatements were made and relied upon by the insurer as the facts with no knowledge that they were misstatements. This distinction will be found pointed out in *Simpson* v. *Insurance Co., supra.*

2. Upon the following by-law defendant bases its proposition that plaintiff should have resorted to arbitration for the purpose of settling his difficulties with the company:

"In case of disagreement with the loser of property insured, regarding any matter pertaining to said loss or damage or the payment thereof, said matter in dif-

194—Mich.—38.

ference shall be determined by arbitration; and in case of such disagreement the secretary shall notify said loser of property and give him an opportunity to appear before the arbitration committee within fifteen days and present such evidence as he may have to establish the justness and validity of such claim, and said committee shall hear, try and decide upon all matters pertaining to said claim or the payment thereof, and such decision shall be final and binding upon said claimant and the company, and no suit in law or equity shall be commenced or maintained by any such loser or beneficiary to determine such matter in difference."

After the fire the officers of the company were notified, and they made an investigation and wrote plaintiff a letter denying all liability and refusing to pay the loss. This by-law, fairly construed, places the duty upon the defendant to initiate the arbitration proceedings by giving claimant the notice required therein. The company having failed to give this notice, the by-law cannot now be used to defeat this proceeding.

At the conclusion of the proofs the trial court was requested by both parties to dispose of the case as a question of law. He did so by holding that Act No. 128, Pub. Acts 1911 (2 Comp. Laws 1915, § 9481), applied. By reason of the view which we have taken of the case it will be unnecessary to consider that question, as the same result is reached. The trial court reached the right conclusion, and the judgment will be affirmed.

KUHN, C. J., and STONE, OSTRANDER, MOORE, STEERE, and BROOKE, JJ., concurred. PERSON, J., took no part in the decision.